FREDERICK ALLMAN *et al.*

*v.*

EVA TAYLOR *et al.*

*Filed at Springfield March 31, 1881—Rehearing denied June Term, 1881.*

1. DECREE—*conclusive collaterally, if the court has jurisdiction.* If a court has jurisdiction of the persons of the parties and of the subject matter of the suit, its decrees will be conclusive on all parties concerned; and the title to property acquired on a sale under a decree in such a case will be valid, notwithstanding irregularities may have intervened in the proceedings.

2. JURISDICTION—*of the persons of infants, through their guardian.* Minors, having the right to sue by their next friend, or guardian, will bring themselves within the jurisdiction of the court by invoking its aid through their guardian, in a proceeding brought in their interest and to protect their rights.

3. SAME—*of the estates of infants.* A court of equity, under its general powers, has jurisdiction over the estates of infants and others under disability, and may, on proper application, order the sale of an infant's unproductive lands to raise means for discharging an incumbrance on productive property in which it has a reversionary interest in fee, though the latter be situate in another State, where the bill seeking such relief shows that such a course is for the best interests of the infant.

4. JUDICIAL SALE—*not affected by errors in the proceedings.* If a court of general jurisdiction has jurisdiction of the parties, and of the subject matter of the litigation, no matter how erroneously it may thereafter proceed, within the bounds of its jurisdiction, its decrees will be conclusive until reversed or annulled in some direct proceeding, and the title to property acquired at a sale under such a decree, by a stranger to the record, will be upheld, although the decree itself may afterwards be reversed for manifest error. It is the policy of the law to maintain judicial sales.

5. SAME—*purchaser not bound by improper application of proceeds of sale.* A purchaser of an infant's lands, under a decree in chancery in a case where the court has jurisdiction, is not bound to see to the application of the funds arising from the sale, nor that the guardian performs his duty under the decree, and a failure of the guardian in that respect will not vitiate the sale rightfully made at the time.

APPEAL from the Circuit Court of Champaign county.

Messrs. TIPTON & RYAN, for the appellants:

A minor may institute any kind of a proceeding in the courts of this State, either by his guardian or next friend. *Holmes* v. *Field,* 12 Ill. 424; Gross' Stat. 1868, p. 331, sec. 4; *McGuffin* v. *Storrs,* Cox, (N. J.) 72.

The wards were in court by their guardian, and this conferred jurisdiction of their persons. *Mason* v. *Waite,* 4 Scam. 133; *Gibson* v. *Roll,* 27 Ill. 387; *Fitzgibbon* v. *Lake et al.* 29 id. 177.

As to the jurisdiction of a court of chancery to order the sale of a part of the real estate of an infant, on his application by guardian or next friend, to pay off incumbrances on the residue, see *Smith et al.* v. *Sackett et al.* 5 Gilm. 534.

Where a court obtains jurisdiction of the persons and subject matter of the litigation, its judgment and decrees must be held valid, and an innocent purchaser at a sale under such judgment and decree will not be affected by any error in the course of the proceedings. *Johnson et al.* v. *Johnson,* 30 Ill. 215; *Spring* v. *Kane,* 86 id. 580; *Conover* v. *Musgrove et al.* 68 id. 58; *Fitzgibbon* v. *Lake,* 29 id. 177; *Young v. Lorain,* 11 id. 637.

Every presumption runs in favor of the jurisdiction of the court of general jurisdiction. *Wills* v. *Mason,* 4 Scam. 88; *Whitney case,* 23 Ill. 447; *Vance* v. *Frank,* 2 Scam. 264; *Beaubien* v. *Brinckerhoff,* id. 273; 1 Sandf. 74; *Kenney* v. *Grier,* 13 Ill. 448; *Horton* v. *Crichfield,* 18 id. 136.

The judgments of courts of general jurisdiction are always held conclusive in collateral proceedings until the same are

reversed upon direct proceedings had for that purpose. *McCoy* v. *Morrow,* 18 Ill. 594; *Cody* v. *Hough,* 20 id. 46; *Prescott* v. *Fisher,* 22 id. 393; *Ralston* v. *Wood,* 15 id. 170; *Williams* v. *Amroyd,* 7 Crand. 423; *Ex parte Watkins,* 3 Pet. 207; *Grignon's Lessees* v. *Astor,* 2 How. 342; *Forniquet* v. *Perkins,* 7 id. 172; *West* v. *Smith,* 8 id. 412; *Sargent* v. *State Bank of Indiana,* 12 id. 385; *United States* v. *Arrendo,* 6 Pet. 729; *Perkins* v. *Fairfield,* 11 Mass. 227; *Iverson et al.* v. *Loberg,* 26 Ill. 179; *Gibson* v. *Roll,* 27 id. 92; *Field* v. *The People,* 3 Scam. 108; *Rockwell et al.* v. *Jones et ux.* 21 Ill. 285; *Vorhees* v. *Bank of the United States,* 10 Pet. 471; *Huff* v. *Outchison,* 14 How. 588; *Thompson* v. *Tolmie,* 2 Pet. 165.

The rule is, that where the circuit court has jurisdiction, and makes an order of sale, the fact that the guardian may proceed irregularly in the execution of the decree will not invalidate the sale. *Mulford* v. *Beveridge et al.* 78 Ill. 456.

Nor is the purchaser responsible for a misapplication of the purchase money. *Mulford* v. *Beveridge,* 78 Ill. 456; *Mumford* v. *Steinback et al.* 46 id. 309.

Nor is he responsible for the order of the court in appropriating the money realized from the sale. *Fitzgibbon et al.* v. *Lake et al.* 29 Ill. 165.

Mr. J. O. CUNNINGHAM, also for the appellants.

Mr. FRANCIS M. WRIGHT, for the appellees:

1.   That complainants below had the right to maintain the bill to impeach and avoid the former decree, counsel cited *Kuchenbeiser* v. *Beckert,* 41 Ill. 172; *Lloyd* v. *Malone,* 23 id. 43; *Hess et al.* v. *Voss,* 52 id. 472.

2.   In the original proceedings, the decree in which is sought to be impeached, the court had no jurisdiction, either of person or subject matter, and such decree is therefore void.

The court must have jurisdiction, by notice, and necessary averments in the petition of the jurisdictional facts. *Smith*

*et al.* v. *Race,* 27 Ill. 387, and cases there cited; *Fitzgibbon* v. *Lake,* 29 id. 165; *Johnson* v. *Johnson,* 30 id. 223.

The statutes in force at the time the petition was filed authorize the land to be sold for the purpose of educating or supporting such infant, or for the purpose of investing the proceeds of such real estate in such manner as the court which appointed such guardian may order and direct. Gross' Stat. (1st ed.) 335, or Laws 1853, p. 98.

The court could acquire no jurisdiction without notice of the application by the guardian. *Spellman et al.* v. *Dowse,* 79 Ill. 66; *Mulford* v. *Beveridge,* 78 id. 455; *Nichols* v. *Mitchell,* 70 id. 258; *Knickerbocker* v. *Knickerbocker,* 58 id. 399.

The power of the court in this regard is purely statutory. *Whitman* v. *Fisher,* 74 Ill. 154; *Donlin* v. *Hettinger,* 57 Ill. 348; *Rogers* v. *Dill,* 6 Hill, 415; *Onderdonk* v. *Mott,* 34 Barr, 106; *Becker* v. *Lorillard,* 4 Conn. 207; *In re Turner,* 10 Barb. 552.

Mr. Justice Scott delivered the opinion of the Court:

While this bill may not be susceptible of any exact definition, it may be treated, as complainants themselves have treated it, as a bill to impeach a former decree pronounced by the circuit court, in a case wherein these complainants were petitioners or complainants.

In 1866 a proceeding was commenced in the circuit court of Champaign county, in the names of the present complainants, by Benjamin F. Brown, their guardian, to sell the lands now involved in this litigation. It was represented to the court by the allegations of the bill, complainants were all minors, resident in the State of Indiana; that Benjamin F. Brown was their guardian, duly appointed by a court having jurisdiction for that purpose; that they were the sole owners of the lands described as being situated in Champaign county, in this State; that they also had a reversionary interest in a

lot, with improvements, situated in the city of Indianapolis, in which their mother had a life estate; that the property in Indiana was subject to incumbrances that would ultimately destroy the title unless removed, and that neither complainants, nor their mother, who owns the life estate, had any means other than the property described, with which to remove such incumbrances. The prayer of the bill was, that the Illinois lands, which were then unimproved and of course unproductive, might be sold, and the proceeds used to protect the other property in which they had an interest. Allegations contained in the bill gave the court to be informed that such a course would be greatly to the advantage of the minors, invoking its aid. All persons interested in these lands were complainants, by their guardian, and to the proceeding Mary E. Taylor, their mother, was made defendant. No process was issued, as the party named as a defendant came into court and made answer, admitting and confessing the matters set up in the bill. On the hearing of the cause some evidence that had been taken by *ex parte* affidavits was heard, and the court decreed according to the prayer of the bill. It was under that decree the lands were sold by the master in chancery to John Reynolds, for $2000, to whom he made and delivered a deed for the same. The report of the master showing the making of the sale and deed, was afterwards approved by the court, and the proceeds of the sale, when collected, after deducting necessary expenses, were paid over to the guardian of complainants, as the decree provided. Afterwards, Reynolds conveyed a portion of the lands to defendant Burns, and the residue to defendant Allman, each of whom entered into possession of the lands respectively conveyed to him, and has since made valuable improvements thereon. It is the decree rendered in that proceeding that complainants in this bill seek to impeach, and the specific relief asked is, that the master's deed to Reynolds, and his deeds to defendants now claiming to own the lands, be set

aside, and be declared to be absolutely void. The decree of the circuit court was in conformity with the prayer of the bill, and defendants were required to surrender possession of the lands to complainants. The writ of error on which the case is to be heard in this court was sued out by defendants in possession and claiming to own the lands.

All discussion of minor questions will be waived, and our inquiry will be directed to ascertain whether the court that pronounced the decree sought to be impeached, had jurisdiction of the cause. It is a familiar principle, that needs the citation of no authorities in its support, that if a court has jurisdiction of the persons of the parties, and of the subject matter of the suit, its decrees will be conclusive on all parties concerned, and the title to property acquired on a sale under a decree in such a case will be valid, notwithstanding irregularities may have intervened in the conduct of the proceedings. Defendants claim title to the property involved under a sale by virtue of a decree of a court of general jurisdiction, and it only remains to ascertain whether the court has jurisdiction in this particular case to pronounce the decree it did.

There is no pretence the original proceeding under which defendants claim title to the lands conforms to the statute of this State which provides for the sale of lands of minors by guardians, and if it can be maintained at all, it must be as a chancery proceeding deriving no aid from the statute. It was commenced by what has the form and general characteristics of a bill in chancery, was placed on the chancery docket, and was treated by the court as a bill in chancery. The decree follows the usual practice, and provides it shall be executed by the master in chancery, as was done. It was a proceeding friendly to the interests of the minors, invoking the aid of the court, and was brought by their guardian, appointed by a court of competent jurisdiction, on whom devolved the special duty of protecting their interests, and for that purpose was invested with ample powers. It

was represented to the court it was to the advantage of the minors, complaining by their guardian, that the property situated in Indiana, in which they had the reversionary interest, was improved property, was valuable, and was bringing in quite an annual rental, besides furnishing a home for their mother, with whom they resided, and that the income from that source would aid materially in their maintenance, and that the Illinois lands were unimproved and unproductive; that it would be greatly to their interest that the Illinois lands should be sold, and the proceeds used to remove incumbrances from the Indiana property, that they might continue to enjoy it, as they had done, for their support. On the evidence submitted the court found the facts substantially as stated in the bill, and accordingly decreed relief.

No reason is perceived why a court of chancery would not lend its aid in a case where the facts are as they appear from this record. Minors may sue in this State, either by their next friend, or by guardian. Having a right to sue by guardian, as they did, complainants in the original case brought themselves within the jurisdiction of the court by invoking its aid. Of this there can be no doubt. It is plain the court had jurisdiction of the subject matter of the suit. This is not an entirely new question in this court. In *Smith* v. *Sackett*, 5 Gilm. 534, it was said: "The jurisdiction of a court of chancery to order the sale of the whole or a portion of the estate of an infant, or to order it incumbered by mortgage whenever the interests of the infant demand it, will not be denied, whether that interest be of a legal or equitable estate." Conforming to this view of the law is the recent case of *Dodge* v. *Cole*, 97 Ill. 338, where it was held a court of chancery, under its general powers over the estates of infants, lunatics or distracted persons, had jurisdiction to order the sale of a lunatic's land for her support and maintenance, on proper application by her conservator, or to pay the conservator for moneys expended by him in supporting such ward. On the

principle declared in these cases, which may be regarded as settling the law in this State on the questions discussed, relief was granted in the original case, and which decree this court is now asked to review. As we have seen, it was represented to the court, and it so found from the evidence, it would be for the interest of these infants to sell their lands in Illinois to relieve the property in Indiana, in which they had an interest, from the incumbrances resting upon it. It may be, and is doubtless, true, the court found incorrectly on the question submitted, but that did not in any manner affect the jurisdiction of the court. No principle is better settled than where a court once obtains jurisdiction of the persons of the parties, and of the subject matter of the litigation, no matter if it may thereafter erroneously proceed, within the bounds of its jurisdiction, its decrees will be conclusive until reversed or annulled in some direct proceeding known to the law. The title to property acquired at a sale under such a decree by a stranger to the record will be upheld, although the decree itself might afterwards be reversed for manifest error. It is and has been the policy of the law, to maintain judicial sales, and in this policy the public interest is best subserved. *Whitman* v. *Fisher*, 74 Ill. 147.

It has already been noted, the proceedings in the original case, now called in question, were not adverse to the interests of the minors. The sale decreed was adjudged to be for their best interests, although the court may have greatly misapprehended the necessity for the sale of their lands. The case is not, therefore, within the rule declared in *Whitman* v. *Fisher, supra*, cited with so much confidence by counsel for complainants. The proposition stated in that case is, that a court of equity has no original jurisdiction to order the sale of real estate to pay debts, or for any other purpose, so as to bind the infant's legal estate. That doctrine has for its support the best authorities, and it is not intended to question its correctness, but that was a proceeding adverse to the inter-

ests of the infants owning the estate. Here the proceeding was in their behalf, for the apparent purpose of protecting the infants' estate. Appropriating a portion of the estate of an infant for the preservation of the residue, is in no just sense depriving such infant of its estate. Equity has always assumed jurisdiction to afford protection to the property of persons who, by reason of some disability, are unable to protect their estate for themselves. That is precisely what was intended to be done in this case, and although the purpose contemplated failed, the court acted within the bounds of its jurisdiction. Had the result been different, it is hardly probable any complaint would have been made that the court exceeded its rightful jurisdiction in decreeing the sale of the petitioning infants' lands.

The fact the guardian may not have applied the proceeds of the sale of complainants' lands in conformity with the decree of the court, is not a material question in this case. The evidence tends to show the proceeds of the sale were appropriated, in part at least, to the purposes mentioned in the decree, and for the maintenance of complainants during their minority. But be that as it may, the purchasers were not bound to see to the application of the funds arising from the sale of the lands to them, nor that the guardian performed his duties under the decree, and a failure of the guardian in that respect did not, and could not, vitiate the sale to them. *Mulford* v. *Beveridge,* 78 Ill. 455.

The decree of the circuit court will be reversed and the bill dismissed.

*Decree reversed.*