Jones, J.
No bill of exceptions was taken or filed in this cause. On the issues joined between the parties the court of appeals found in favor of the plaintiff and against the defendants. It necessarily follows that the same court found that the plaintiff, Kellough, was a bona fide purchaser for value, and that he purchased the lands in controversy after the will of William Stewart was set aside in June, 1909. Because of the journal entry of the court of appeals, and since the issue of actual fraud, conspiracy and concerted action, alleged to have been taken by the parties in the will-contest suit, was denied by the plaintiff below, that issue also passed out of the case and must be taken not to *352 have been proven. We are, therefore, confined to the legal questions arising from the undisputed facts contained in the pleadings and the entry made by the court of appeals, finding the disputed facts in favor of the plaintiff.
It is conceded that William Stewart, grandfather of the minor, died leaving a will, which was probated on January 25, 1909 ; that an action was instituted to contest that will, wherein service was made upon the infant by a copy thereof delivered to her, and to her father; and that a guardian ad litem of the infant was appointed in that suit and a hearing had resulting in a verdict setting aside the will, followed by a judgment to that effect June 14,1909'.
It is now contended by the infant plaintiff in error that by virtue of certain statutory limitations the will-contest case was tolled as lis pend&m in favor of the infant during the entire period allowed by statute for the vacation of that judgment in favor of the infant. It is also urged by plaintiff in error that in view of those rights of vacation vouchsafed to the infant, no proceedings instituted under the Torrens Law could have the effect of compelling the infant to submit her challenge to the judgment in the will-contest suit until a certain period after she became of full age. From the facts alleged in the infant’s answer it is evident that the judgment of the common pleas court in the will-contest case was attacked because of “fraud practiced by the successful party in obtaining” the judgment. Under the provisions of Section 11631, G-eneral Code, the court of common pleas could vacate that judgment after the term on the ground alleged, or for any “errors in a judgment, shown by an infant within *353 twelve months after arriving at full age as prescribed in Section eleven thousand six hundred and three.”
Section 11603, General Code, provides that it shall not be necessary for the minor to reserve in the judgment its right to show cause against it after attaining the age of majority, but that nevertheless such minor may within one year after majority show cause against such order or judgment.
What may have been the minor’s rights, as between the parties to the will-contest litigation, and whether such could be ignored in the proceeding instituted under the Torrens Law during its infancy, we do not determine, since in the aspect this case has assumed the character of the title obtained by Kellough must necessarily control here.
Kellough purchased the lands on March 13, 1916, a date subsequent to the judgment in the will-contest case and prior to any action instituted by- the infant seeking a vacation of that judgment. The court of appeals found that Kellough was an innocent purchaser for value. He relies for the protection of his title upon Section 11633, General Code, which is as follows: ‘ ‘ The title to property which is the subject of the judgment or order sought to be opened, and which, by or in consequence of the judgment or order has passed to a purchaser in good faith, shall not be affected by proceedings under the next two preceding sections.”
Whatever remedy the infant may have had for relief against the judgment in the will-contest case is found in the chapter entitled “Other Relief After Judgment.” The infant sought to avail itself of the remedies providing for relief after the term at *354 which such judgment was made by seeking its vacation under the provisions of Section 11631, General Code. The section immediately following, Section 11632, General Code, provides for vacation by a party who has been served by publication only. The section immediately following, Section 11633, which is quoted above, provides that the title to property which is the subject of the judgment sought to be opened, and which in consequence of the judgment has passed to a purchaser in good faith, shall not be affected by proceedings under the two preceding sections.
These three sections are in pari materia. The first two provide for the manner and cause for which a judgment may be vacated after term. The last-quoted section provides that the title shall not be affected by the proceedings brought under either of the preceding sections.
The title to property, service upon parties, including minor defendants, the procedure relating to the opening up of judgments, and the protection guaranteed to innocent purchasers during or after litigation, are matters entirely within the legislative control. It is evident that in this case the infant attempts to avail herself of the privileges of Section 11631, General Code, and at the same time to ignore that provision of the code which protects the rights of a bona fide purchaser for value in case the former judgment is vacated. She cannot claim the advantages and ignore the disadvantages accruing .under these various sections.
While Section 11631, General Code, may have conferred the right to open up the judgment, it was limited by Section 11633, General Code, which protected *355 the rights of bona fide purchasers acquired in consequence of that judgment.
In Moor v. Parsons, 98 Ohio St., 233, a defendant sought to avail-himself of the remedy provided by Section 11632, General Code, which permitted one served by publication only to have a judgment opened up after the term, within five years after the date of the judgment. This court held, however, that that section was limited by the section following, which guaranteed protection to the title of innocent purchasers, and the language of Matthias, J., is applicable here. He said, at page 242: “Undoubtedly the right was conferred upon him by that section to proceed as he did in this ease, but the right there conferred carried with it the limitation imposed by the succeeding section, that the title to property which by reason of the judgment had passed to bona fide purchasers should not.be disturbed.”
It is, therefore, difficult to see why, if under Section 11632 a party served by publication cannot open up a judgment so as to affect bona fide purchasers, the preceding section would permit a defendant, though an infant, to open up a judgment in face of the innocent-purchaser statute above quoted.
Section 11631, General Code, would not permit a party, though an infant, to open up a judgment in defiance of Section 11633, General Code, which explicitly provides that title of innocent purchasers “shall not be affected” by proceedings under Section 11631 or 11632, General Code.
The title to this property was subject to the judgment in the will-contest case. When the will was set aside the title of the devisees under the will no *356 longer obtained, but the title descended to the heir at law who was a predecessor in title to Kellough, the defendant in error. The common pleas court was of the opinion that this section applied only to “title to property sold at judicial sale,” and that “it was not in consequence of this judgment that this property passed to the plaintiff as a purchaser in good faith.” The predecessor in title, the son of the testator, acquired title to this property because of the proceedings whereby the will was set aside. The title therefore remained in him and it was “in consequence of this judgment” made in the will-contest proceeding that the innocent purchaser acquired the title under which he now claims. In the will-contest case, decided in 1909, the common pleas court had jurisdiction of the subject-matter and of the parties, including this defendant. Its judgment was not void, but voidable only. Johnson, Gdn., v. Pomeroy, 31 Ohio St., 247.
However, it is urged that the will-contest suit instituted and terminated in the year 1909 was a lis pendens, and continued as such until such time as the infant would avail itself of the right to open up its judgment, and that the cause continued to be lis pendens until after the majority of the infant. But was it a suit pendente lite in the meantime? The suit had terminated with a verdict and judgment in favor of the contestor. The infant defendant might or might not avail itself of its statutory right to open up that judgment, but whether it did or not, at least until such proceeding should have been taken, undoubtedly the purchaser in good faith could rely upon the state of the record when he made this purchase. If he had recourse to the record he would *357 have found nothing impairing the validity of the judgment, for the infant had not only been made a party, and been served, as stated, but a guardian ad litem had been appointed by the court in the contest suit. The contention urged, however, is squarely opposed to the basic purpose found in Section 11633, General Code, which, if the judgment be not wholly void, specifically protects a purchaser in good faith against proceedings under the preceding sections, one of which confers the right upon an infant to procure the vacation of a judgment. This in itself shows that future proceedings to open up judgments do not constitute lis pendens against a bona fide purchaser who has bought in the meantime. However, we are not without authority upon this question. In the case of Lessee of Taylor v. Boyd, 3 Ohio, 338, it was attempted to deny the right of a bona fide purchaser upon the theory that the original case was pendente lite until reversal, and it was argued that “the writ of error was sued out, and bond given upon it, before the making of the conveyance, and that consequently the suit was pending.” In the per curiam it was stated, page 354: “We are of opinion that, until the service of the citation, a writ of error is not to be considered as pending so as to affect strangers as a lis pendens. This, we think, is not only in accordance with good sense and fair dealing, but is also according to the best authority.”
The case of Heirs of Ludlow v. Kidd’s Exrs., 3 Ohio, 541, is still more in point upon the phase whether or not the original Avill-contest suit became lis pendens until after the infant became of age. On page 544 of that report Sherman, J., said: “The *358 argument for complainants is, that the statute giving the infants a day after they became of age, to file a bill of review, is to be taken as part of the decree itself, and considered as if the privilege was contained on its face; and that the legal effect thereof is, that it remains a matter pendente lite, until the rights reserved by the decree are extinguished.” In that case the claim Us pendens arose from the dismissal of a bill in the original suit. The court, after reverting to the fact that the case was no longer under the control or direction of the court, said, at page 549: “The circumstance that the decree was against infants, who have a right, by statute, to have that decree re-examined after they attain their age, nor the fact that the decree is afterward reversed, upon a bill of review, will not have the effect of continuing the original suit, so as to overreach intermediate purchasers.”
These decisions, as well as the evident purpose of the statute itself, disclose the fact that there can be no claim of lis pendens under proceedings to vacate a former judgment which can affect the title of a bona fide purchaser acquired in the meantime.
Manfull v. Graham, 55 Neb., 645, is especially in point, since it was decided upon remedial statutes similar to Sections 11603, 11631 and 11633, of our Ohio Code. That case supports the conclusion herein announced, that, under such statutes, in a case of this character, the title of innocent purchasers is not subject to defeat by the subsequent vacation of a judgment by an infant.
The proceeding under the Torrens Law (Section 8572-1 et seq., General Code) was a proceeding in rem. It is so designated in the act itself. It is no *359 necessary at this time to revert to the requirements of the various sections of that act necessary to obtain a registry of the title of an applicant made thereunder. It is sufficient to say here that the law permits various defendants, including infants, to be parties to the proceeding, and permits the appointment of a guardian ad litem by the court for the protection of the infant’s rights. The court of appeals having found Kellough’s title to be that of an innocent purchaser, it must prevail over a later remedy the infant had, if any, to open the judgment in the will-contest suit. The court of appeals, therefore, did not err in registering the title in the defendant in error Kellough, subject to the payment of the mortgages thereon. The judgment of the court of appeals is affirmed.

Judgment affirméd.

Marshall, C. J., Johnson, Hough, Wanascakeb, Robinson and Matthias, JJ., concur.