JOHN McALISTER, PLAINTIFF IN ERROR, V. LANCASTER COUNTY BANK ET AL., DEFENDANTS IN ERROR.

1. **Insane Defendants:** GUARDIAN OF. The general guardian of an insane defendant is authorized, and it is his duty when duly notified, to appear in court and defend for his ward.

2. ———: JURISDICTION: JUDGMENT. A court, by the service of its summons, acquires jurisdiction of the person of an insane defendant; and the failure to appoint a guardian *ad litem* when the general guardian fails to appear and defend does not render the judgment either void or voidable. It is at most only erroneous, for which the appropriate remedy is by proceedings in error, and not by an original action to vacate the judgment.

ERROR to the district court for Lancaster county. Heard below before POUND, J.

*Brown & Ryan Brothers*, for plaintiff in error.

*J. R. Webster*, for defendant in error.

LAKE, CH. J.

This is a petition in error from Lancaster county. The object of the action in the court below was to have a judgment of foreclosure and conveyances of the mortgaged premises thereunder set aside and held for naught as to the plaintiff, who, at the time of the foreclosure proceedings, was the owner of the fee. The theory of the plaintiff's claim to this relief is, that the judgment in question is void for having been rendered on default and while he was under the disability of insanity.

The record shows that the plaintiff's disability, and that he was under guardianship, were known and observed in bringing the action. Accordingly, both he and his guardians were duly notified by the service of a summons upon them. But they made no appearance, nor was a guardian *ad litem* appointed, and in due time their defaults were entered, followed by a judgment of foreclosure in the usual form.

Counsel for the plaintiff seem to suppose that the rule respecting the jurisdiction of courts to render judgments against insane persons is the same as that which governs in the case of infant defendants; and that the court having proceeded without the appointment of a guardian *ad litem*, and an answer by him, the judgment, if not void, is at least voidable. If this were so, the plaintiff would probably be entitled to a cancellation of the judgment and of the sales made under it, upon just and equitable terms.

But in this supposition counsel labor under a mistake. The court by its process acquired jurisdiction of the plain-

McAllister v. Lancaster Co. Bank.

tiff, and although the want of an answer by a guardian for the suit may have rendered the judgment erroneous, it is neither void nor voidable. Freeman on Judgments, 152. It was the duty of the general guardians of the plaintiff on being summoned to appear and defend their ward's interests. Sec. 32, ch. 34, Comp. Statutes. Having failed to do so, however, the court might have appointed a guardian specially for that suit, and required of him an answer putting in issue the allegations of the petition. Such, doubtless, would have been good practice, and perhaps the safer course. But whether the failure of the court to make such appointment and proceeding to judgment without an answer were even erroneous, it is not now proper to decide.

In this connection it may be well to observe that, in the case of minor defendants, it is expressly provided that defense "must be made by a guardian for the suit." Civil Code, § 38. In some states, as in Ohio for instance, there are similar provisions of statute respecting insane persons, but we have none here. In the case of *Sturges v. Longworth*, 1 Ohio State, 554, it was held to be the duty of the court, in the absence of such a statute, to appoint a guardian *ad litem* for insane defendants. And in *Johnson v. Pomeroy*, 31 Ohio State, 247, it was held, in effect, that although it was the duty of courts to appoint guardians *ad litem* for defendants shown to be insane, the failure to do so was only an irregularity, not in the least affecting their power to render binding judgments against them. No case has been brought to our notice which supports the theory of the plaintiff.

According to our view of the law on this subject, if there be any defect in the foreclosure judgment, it is not jurisdictional, but at most only such as may be corrected, and the plaintiff's rights fully secured, by proceedings in error, which in such case is the only remedy.

JUDGMENT AFFIRMED.

ALL of the judges concur.