ROSINA KUHN, PLAINTIFF IN ERROR, v. FRED H.
KILMER, DEFENDANT IN ERROR.

1.  **Parties:** GUARDIAN OF INSANE PARTY: REFUSAL TO AP-
POINT ON MOTION TO CONFIRM SALE NOT ERROR. Whenever, in
the course of a suit pending in a court of general jurisdiction, it
is made to appear that one of the parties to such suit is insane,
or of unsound mind, and such party is not already under guar-
dianship, or in case the general guardian of such party fails to
appear in court and protect the interest of such insane party in
such suit, it is the duty of the court to appoint a guardian *ad
litem* for such party. But it is not error for a district court to
refuse to appoint such *guardian ad litem*, where its attention is

first called to the insanity of such party upon the hearing of a motion to confirm a sale of real estate made on execution issued on a judgment in an action at law.

2. **Judicial Sale :** ERROR IN NAME OF DEFENDANT. Where a judgment is rendered and an execution issued against Rosina Coons, it is not sufficient reason for setting aside a sale of real estate made on such execution, that the right name of the defendant is shown to be Rosina Kuhn.

3. ———: PROOF OF PUBLICATION OF NOTICE OF SALE. The sheriff's return on the execution shows the notice of sale to have been made in " The Democrat," a newspaper published and of general circulation in Platte county, etc. The proof of publication made by the foreman describes the paper as " The Columbus Democrat." The affidavit of one of the publishers of said paper declares that " The Democrat " and " The Columbus Democrat " are one and the same newspaper. *Held,* That there is no conflict or inconsistency between the sheriff's return and the proof of publication.

ERROR to the district court of Platte county. Tried below before NORVAL, J., sitting for POST, J.

*Macfarland & Cowdery* and *Congdon, Clarkson & Hunt,* for plaintiff in error.

*M. Whitmoyer* and *Cornelius & Sullivan,* for defendant in error

COBB, CH. J.

The defendant in error obtained a judgment at law against the plaintiff in error in the district court of Platte county, caused execution to issue thereon, levied the same on the real estate of plaintiff in error, and caused the same to be sold by the sheriff to satisfy said execution. The said sale was confirmed by the district court, and the cause is brought to this court for alleged error on the part of the district court in the said order of confirmation.

It appears from the bill of exceptions that upon the hearing of the motion to confirm said sale, counsel appeared

and·filed the application of Jacob Ernst, next·of kin of the plaintiff in error, who upon sundry affidavits filed in support thereof, applied to be appointed *guardian ad litem* of the said plaintiff in error, on the ground that she was of unsound mind and insane, and to be let in to defend the said proceeding of confirmation, which was denied.

It further appears that pending the said proceeding of confirmation, counsel also appeared on behalf of Otto Kuhn, the husband of the said Rosina Kuhn, who, upon affidavits filed therein in support thereof, moved to be made a party to the said suit and to be allowed to defend the same in the name of himself and wife.    This was denied. And thereupon counsel appearing, as well for the said defendant as for said husband, moved the court to set aside the sale in said cause for the following reasons:

1.    Because the judgment, order of sale, and notice are not against Rosina Kuhn but against Rosina Koons.

2.    Because execution upon which said property was sold was not issued against Rosina Kuhn.

3.    Because affidavit of publication of property for sale under execution in above cause shows that notice of sale was published in "Columbus Democrat," while the return of the sheriff shows notice was published in "The Democrat."

4.    Because when the claim, upon which the above action is based and judgment taken, was allowed, and at all times since, Rosina Kuhn was fraudulently kept out of the court by reason of her insanity and the influence of Eliza Phillips.

5.    That your applicant believes that there is a conspiracy to rob and defraud Rosina Kuhn, and that said Fred H. Kilmer is reaping advantage of said conspiracy.

6.    That it was well known in Columbus, Nebraska, that Rosina Kuhn was of unsound mind at the time that said summons in above entitled action was served upon defendant, that such fact was well known when judgment was taken and when execution was levied, and when the property was sold.

This motion was by the court overruled.  Thereupon the court made an order confirming the said sale.

The attention of the court was not called to the alleged insanity of the defendant, nor was any application made for the appointment of a *guardian ad litem* until after the rendition of the judgment, the levy of the execution, and sale of the property.  So that had the court appointed such guardian the moment that its attention was called to the matter, such guardian could have done nothing towards protecting the defendant against the judgment of the plaintiff.

The action being one at law, it was the duty of the court, upon the hearing of the return of the sheriff of the execution and the report of the sale, only to carefully examine the proceedings of the officer, and if satisfied that the sale had in all respects been made in conformity with the provisions of law, to direct the clerk to make an entry thereof as provided by statute, and enter an order that the officer make to the purchaser a deed of the premises.  There is nothing here for a *guardian ad litem* to do.  And the propriety of the appointment of one at such time may well be doubted.  There was no suit pending; the litigation was over; so why should a guardian for the suit be appointed?

I have called attention to the fact that the sale under consideration had been made on an execution at law, and not in a proceeding in the nature of equity, for the reason that while in the latter class of cases the litigation in a sense continues with the parties still in court until the sale is confirmed, and sometimes longer, in the former, the litigation terminates upon the rendition of a final judgment; and the subsequent proceedings, including the sale of property on execution, are conducted by officers acting as the ministers of the law, amenable to the court nevertheless for the regularity of their proceedings, but not exactly in the same sense, in the presence of the court as in the other case.  See *Parrat v. Neligh*, 7 Neb., 456.

I will add, that while it might be proper, when in any case it is made to appear to the satisfaction of the court that a party to a suit then pending is insane or of unsound mind, to appoint a *guardian ad litem*, to do so after the litigation is over and the suit terminated, would not only be an idle ceremony, but would do violence to legal terms.

As we have seen, certain alleged irregularities in the proceedings were brought to the attention of the court, by counsel acting for the husband of the defendant, and were considered by the court. The first two points of objection, being substantially the same, have reference to the alleged misnomer of the defendant. She being throughout the proceeding named as Rosina Coons, whereas her true name of marriage is Kuhns.

In a note to *Schooler v. Asherst*, 13 American Decisions, 232, I find the following : "The question of variance between names has frequently arisen under statutes requiring judgments to be docketed against judgment debtors in order to create liens against their real estate. The proper spelling of a name is not essential to a sufficient docketing against the defendant. All that the law demands in this respect is that the pronunciation of the name written by the clerk shall correspond with that of the name of the person whose realty is sought to be charged."

Under the rule thus stated and which I adopt as the true one applicable to this case, the objection cannot be sustained. The German surname of Kuhns and the American name Coons when spoken by Americans are pronounced exactly the same, and doubtless the latter is only a popular translation or adaptation of the former.

Upon the third point there is in the bill of exceptions an affidavit of John G. Higgins, one of the publishers of the newspaper in question, showing conclusively that "The Democrat" and the "Columbus Democrat" are one and the same identical paper. So that there is no conflict or inconsistency between the return of the sheriff and affidavit of publication.

704     SUPREME COURT OF NEBRASKA,

The other three points are confined to the matter of the insanity of the defendant, at the time of the allowance of the claim upon which the judgment was based, the rendition of the judgment, etc., matters which the court had no right to inquire into upon the hearing of a motion to confirm or set aside a sale of real property made on execution.

The order of the district court is affirmed.

ORDER AFFIRMED.

MAXWELL, J., concurs.

REESE, J., having been of counsel, did not sit.