ANNA M. G. McCORMICK, APPELLANT, V. ALGERNON S. PADDOCK, ET AL., APPELLEES.

1. **Judgment:** COLLATERAL ATTACK.   A judgment rendered against a person—and equally so of one rendered in his favor—after his death is reversible, if the fact and time of death appear on the record, or in error *coram nobis*, if the fact must be shown *aliunde*.   It is voidable, and not void, and cannot be impeached collaterally.   *Jennings v. Simpson*, 12 Neb., 558, citing *Taple v. Titus*, 41 Penn. State, 195.

2. **Jurisdiction:** INSANE DEFENDANT: GUARDIAN AD LITEM. A court, by the service of its process, acquires jurisdiction over the person of an insane defendant, and the failure to appoint a guardian *ad litem* does not render the judgment either void or voidable.   It is at most only erroneous, for which the appropriate remedy is by proceedings in error, and not by an original action to vacate the judgment.   See *McAllister v. Lancaster County*, 15 Neb., 295.

3. **Summons:** SERVICE BY PUBLICATION.   An affidavit for service by publication is sufficient if it states the nature of the cause of action for which publication may be made, and that service of summons cannot be made upon the defendant or defendants within the state, *Fouts v. Mann*, 15 Neb., 172, and it is not necessary that the statement that service of summons can-

not be made upon the defendant in the state, be made in the language of the statute. If the fact is made to appear by the affidavit it is sufficient.

4. ———: ———: SUFFICIENCY OF NOTICE. When service of the pendency of the action is made by publication, if the published notice is so specific as to advise the defendants of their interest sought to be affected by the proceeding it is sufficient. See *Gary v. May*, 16 Ohio, 66.

APPEAL from the district court of Douglas county. Tried below before WAKELEY, J.

*George W. Ambrose* and *John M. Thurston,* for appellant.

*George W. Doane, Arthur C. Wakeley, T. M. Marquett, Kennedy & Gilbert,* and *H. J. Davis,* for appellees.

REESE, J.

This action was instituted in the district court of Douglas county to quiet the title of plaintiff to certain real estate. The defendants filed a general demurrer to the petition. The demurrer being sustained and the case dismissed, plaintiff appeals to this court, assigning for error the ruling of the district court in sustaining the demurrer.

The averments of the petition are in substance that, on and before the 21st day of November, 1868, one George R. Smith was the owner of an undivided interest in the land in controversey, and that one Mary Ann Harrington was the owner of the remaining interest. As to what portion of the property each one owned is not material to this decision. On the last-named date Smith commenced an action in the district court for partition of the land, caused service to be made by publication, and obtained a judgment for partition. Three commissioners were appointed by the court to make the division, or in case partition could not be made without prejudice to the owners, to report the fact to the court. The referees reported that owing to the

irregular boundaries of the land, its oblong shape, and un-even surface, partition could not be made without great prejudices. On the return of this report the property was ordered to be sold by the referees, which they did, and reported having sold the same to the plaintiff in the action for the sum of $3,729.15 ; that they paid over to the plaintiff $2,331.00, his share of the proceeds of the sale, and that they held, subject to the order of the court, the sum of $1,398.15, the share of the defendant, Mary Ann Harrington. The report of the referees was confirmed, the deed ordered to be made to Smith, and the money belonging to Harrington directed to be paid to the clerk, to abide the further order of the court, all of which was done. That at the time of the commencement of the action for partition the said Mary Ann Harrington was insane and was confined in the state lunatic asylum at Utica, New York, until the time of her death, which occurred on the 26th day of January, 1869, which was prior to the rendition of the judgment for partition and appointment of the referees. That on the first day of March, 1862, the said Mary Ann Harrington by her last will and testament bequeathed the property to one J. R. Benedict, who survived her and took title under the will. That prior to his death he bequeathed the property to his executors, named in the will executed by him, and gave them full power and authority to sell and convey the same upon such terms and conditions as to them should seem proper, and that plaintiff had purchased the property and was now the owner thereof to the extent of Harrington's interest.

It is alleged that defendants derive their title from Smith, the plaintiff and purchaser at the partition sale ; that he acquired no title by said purchase, and that defendants have no title. That neither the said Mary Ann Harrington, the devisees, inheritors, or plaintiff, appeared in said partition proceedings, or accepted the proceeds of the sale, and that the judgment, orders, sale, and the deed thereunder were void for want of jurisdiction.

The proceedings are attacked upon two grounds—1st, that the affidavit of non-residence, and by virtue of which the publication of notice was made, and the published notice, were not in conformity with law, and conferred no jurisdiction upon the court to render its decree; and 2d, that at the time of the service of summons by publication, the said Mary Ann Harrington was insane, and at the time of the rendition of the decree she had died, and no proceedings were had to revive the action as against her legal representatives.

The principal contention in this court was upon the first of the above named grounds. As to the second, it seems pretty clear that if jurisdiction was obtained by the publication of the notice, the subsequent death of the defendant would not render the further proceedings void. *Jennings v. Simpson*, 12 Neb., 558, and cases cited by appellees. Nor would the fact of the insanity of the defendant have that effect. *McAlister v. Lancaster County Bank*, 15 Neb., 295.

Our attention must then be directed to the first alleged reason why we should hold the judgment for partition void.

The affidavit to which attention is called is alleged to be so defective as to furnish no authority for the publication of the notice. It is said that it fails to comply with that part of section 78 of the civil code which provides that— "Before service can be made by publication, an affidavit must be filed, that service of summons cannot be made within this state, on the defendant or defendants to be served by publication, and that the case is one of those mentioned in the preceding section" (77). By reference to that part of the affidavit material to this inquiry, we find that it contains the following averments: That on the 21st day of November, 1868, the plaintiff (affiant) "filed in the above named court a petition against the said Mary Ann Harrington, defendant, praying that partition might be made by said court of the following described piece of land,"

describing it and stating the interests of the plaintiff and the defendant. The affidavit then continues:

" And, further, deponent saith that the said defendant is a non-resident of this state, and now absent therefrom, and that service of summons in this action can only properly be made by publication, which service this deponent desires to make, and hence this affidavit—the sheriff having returned upon the summons herein issued that said defendant cannot be found in this bailiwick, the said Douglas county, after diligent search; and, further, deponent says that he has no knowledge of the residence or the whereabouts of said defendant at this time, nor has he known for several years last past where she was to be found during said time."

It is urged that the affidavit does not sufficiently state that " service of summons cannot be made within this state" on the defendant to be served.

It is true that the affidavit does not follow the exact words of the statute; but if enough is stated to show the existence of the facts necessary to be established by the affidavit, it is sufficient. *Grebe v. Jones,* 15 Neb., 315. *Fouts v. Mann,* Id., 172.

It was shown by the affidavit that the defendant was a non-resident of the state, and was absent therefrom, could not be found by the sheriff, and her residence was unknown to the affiant. If she was a non-resident, and not within the state, it would seem to be shown that personal service could not be made within the state. *Miller v. Finn,* 1 Neb., 254.

It is insisted that the published notice was defective, and that by reason of such defects no jurisdiction was obtained, and for that reason the proceedings are void. The objection is that there was not a compliance with the requirements of section 79 of the civil code, wherein it requires that the notice "must contain a summary statement of the object and prayer of the petition," etc. The part of the notice

objected to is that the cause is pending "wherein said George R. Smith demands partition of the following described real estate," describing it, and setting out at length the ownership or interest of both plaintiff and defendant, and that at the time named "the said George R. Smith will apply to said court for partition to be made in said premises, according to the statement above of the title thereto." We quote from the brief of appellant as follows:

"Under the statute relating to partition the duty of the court was two-fold—to make partition or sale. Such also was the prayer of the petition. The object and prayer then was to have one or the other done. The notice was to do one only. Had the court then any jurisdiction to do more than set off to each joint owner their respective shares? To do more, notice of the object and prayer was necessary." By this it will be seen that the contention is that a notice that plaintiff demands the "partition" of the real estate described in the notice is not a sufficient statement of the "object and prayer" of the petition, since it often happens, as in that case, that partition is impracticable, and a sale becomes necessary. Therefore the notice should contain a statement of the "object and prayer" in the alternative form—*i.e.*, a partition or sale of the property.

By sections 77 and 51 of the civil code it is provided that service may be had by publication when the action is "for the partition of real property." Title 26 of the same code, section 802 *et seq.*, provides for the maintenance of actions, the object of which is to effect the partition of real property among joint owners, etc. In neither case do we find any permission for another action the object of which is to "effect the partition of real property or in case partition cannot be made, for a sale thereof." The *action* is simply *for partition.* Section 811 Id., provides that "after all the shares and interests of the parties have been settled in any of the methods aforesaid, judgment shall be rendered confirming those shares and interests, and directing that parti-

tion be made accordingly." This, then, is the object of the action. But it sometimes happens that the judgment of partition, or division, of the land itself cannot be made effectual without loss to the owners ; and in that case the court entering the judgment of partition may order the land sold without the specific division being made, and in lieu of setting off to each party to the action his share of the land a partition of its value, as realized from the sale, is made. This is all done in an action for "partition," and by virtue of a judgment for partition, and can in no case be made without such judgment. The action is simply one for the partition of real estate, and a notice so styling it—with a description of the real estate involved in the action, and of the interests of the joint owners as was done in that case—is sufficient to confer jurisdiction. Maxwell's Pl. and Pr., 1885, ed. 81.

It follows that the decision of the district court was correct. It is therefore affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.