Parker v. Starr.

ELIZABETH S. PARKER, PLAINTIFF IN ERROR, V. WM. STARR, DEFENDANT IN ERROR.

1. **Summons:** SERVICE ON WIDOW AND MINOR CHILD. The return to a summons served on a widow and her minor children in the following form is sufficient:

   "This summons came to hand September 4th, 1871, at 2 o'clock P.M., and on this 5th day of September, 1871, I served this summons on Sarah Sanders in person, and Sarah E. Sanders and Charles Sanders by delivering to each of them a true and certified copy of this summons, with all the endorsements thereon. All of this done in Nemaha county, state of Nebraska.

   "DAVIDSON PLASTERS, *Sheriff.*"

2. **Mortgage Foreclosure:** GUARDIAN FOR MINOR DEFENDANTS. In an action to foreclose a mortgage on real estate the failure of the court to appoint a guardian *ad litem* for minor defendants does not render the decree of foreclosure and sale void; at most, it is erroneous.

3. **Minors.** A female, on reaching the age of eighteen years, ceases to be a minor.

4. **Limitation of Actions.** One who has been in the open, notorious, exclusive, adverse possession of real estate for ten years becomes vested with a valid title to the same.

5. **Mortgage Foreclosure:** MISTAKE IN DESCRIPTION OF PREMISES. Where a mistake was made in the description of certain premises mortgaged, which mistake was carried through all the proceedings to foreclose the mortgage, sale of the premises, confirmation of sale, and deed to the purchaser, but it appeared that the premises intended to be mortgaged had actually been appraised and sold under such mortgage, and the purchaser had taken possession of the same; *Held,* No injury to the heirs of the mortgagor being shown, that the grantee of the purchaser was entitled to a decree correcting the mistake and quieting his title in said premises, but at his own cost and expense.

ERROR to the district court for Nemaha county. Tried below before BROADY, J.

*O. P. Mason,* for plaintiff in error.

*E. W. Thomas,* for defendant in error.

MAXWELL, CH. J.

This is an action of ejectment brought by the plaintiff against the defendant to recover the possession of certain real estate in Nemaha county. The defendant claims title under the foreclosure of a mortgage executed by Daniel C. Saunders to one Hawley, November 1st, 1869, to secure the payment of three promissory notes of the same date, one of $650, due April 10th, 1870; one of $400, due November 1st, 1870, and one of $650, due May 1st, 1871.

The land mortgaged consisted of about one and one-half acres, and comprised a mill and water-power on the Little Nemaha river. In the mortgage the premises were described as being in the south-east quarter of section 16, township 6, range 13 E., in Nemaha county, whereas, in fact, the premises were located in the north-east quarter of said section.

Saunders died intestate December 16th, 1870, and the notes not being paid, Hawley commenced suit September 1st, 1871, to foreclose the mortgage, the widow and children of Saunders being defendants. A decree of foreclosure and sale was rendered, the premises sold to Hawley, the sale confirmed, and a deed made to him by the sheriff June 4th, 1872. Hawley took possession of the premises intended to be conveyed, and on November 1st, 1872, sold and transferred said premises to one John E. Walton, and in 1874 Walton and wife sold and conveyed to one Jonathan Higgins; in 1876 Higgins and wife conveyed to the defendant, who has retained possession from that time until the present, and made improvements thereon of an estimated value of $6,000. In all these proceedings and conveyances the property was described as in the south-east quarter of said section 16. Saunders left two children surviving him, viz., the plaintiff, who was born September 6th, 1855, and Charles Saunders, who was born in 1869. Charles Saunders died in 1876, and the widow of

Daniel C. Saunders, in April, 1884, conveyed her interest in the premises in question to the plaintiff.

The defendant has set up the facts in regard to the error in the description, and prays that the error may be corrected and the title quieted in him. Second, pleads the statute of limitations. Third, alleges that the plaintiff is estopped to claim the land, as the defendant and those under whom he claims have made valuable improvements on the land, and the plaintiff knew it, and that she has waited an unreasonable time before bringing suit.

On the trial of the cause a judgment was rendered in favor of the defendant.

The first ground of objection is, that the service of summons in the foreclosure proceedings was not sufficient to give the court jurisdiction. The return is as follows:

"This summons came to hand September 4th, 1871, at 2 o'clock P.M., and on this 5th day of September, 1871, I served this summons on Sarah Sanders in person, and Sarah E. Sanders and Charles Sanders, by delivering to each of them a true and certified copy of this summons with all the endorsements thereon. All of this done in Nemaha county, state of Nebraska."

"DAVIDSON PLASTERS,

" *Sheriff.*"

Section 76 of the code of civil procedure provides that, "When the defendant is a minor under the age of fourteen years, the service must be upon him and upon his guardian or father, or if neither of these can be found, then his mother, or the person having the care or control of the infant, or with whom he lives. If neither of these can be found, or if the minor be more than fourteen years of age, service on him alone shall be sufficient. The manner of service may be the same as in the case of adults."

It will be seen that the service was made upon the mother as well as upon the minors. They appear to have been living with their mother, and, so far as appears, she had

the care and control of them. The presumption is that the officer did his duty, and that the mother was properly served as guardian. The service, therefore, was sufficient.

The failure of the court to appoint a guardian *ad litem* did not oust it of jurisdiction. This question was before this court in *McCormick v. Paddock*, 20 Neb., 486, and *Mc Allister v. Lancaster Co. Bank*, 15 Neb., 295, and it was held that where a court by the service of its process acquires jurisdiction over the person of an insane defendant, the failure to appoint a guardian *ad litem* does not render the judgment void; at most, it is only erroneous, to be corrected on error. The same rule will apply to minor defendants. *Simmons v. McKay*, 5 Bush, 25. Freeman on Judgments, § 151. *Walkenhorst v. Lewis*, 24 Kas., 420. *McMurray v. McMurray*, 66 N. Y., 175.

*Second.* That the bar of the statute of limitations is complete in favor of the defendants.

Section 1, chapter 34, Compiled Statutes, provides that, "all male children under twenty-one and all females under eighteen years of age are declared to be minors; but in case a female marries between the ages of sixteen and eighteen her minority ends."

The plaintiff reached the age of eighteen years on the 6th day of September, 1873, and then had the right to bring suit in her own name and transact business generally. This action was begun in April, 1884. The testimony clearly shows that the defendant and those under whom he claims have been in open, notorious, and exclusive possession for ten years next before this suit was brought after plaintiff attained her majority. ' Such possession vests a good and sufficient title in the defendant. *Gatling v. Lane*, 17 Neb., 79–83. *Haywood v. Thomas*, 17 Neb., 240. *Horbach v. Miller*, 4 Neb., 47. *Pettit v. Black*, 13 Neb., 153. *Trussel v. Lewis*, 13 Neb., 417. *Stettnische v. Lamb*, 18 Neb., 626. The plaintiff's right to maintain the action, therefore, is barred.

*Third.* The right of the defendant to have the error in the description of the premises corrected in this proceeding. The testimony shows that the property intended to be mortgaged was the mill and water-power heretofore referred to, that that property was actually appraised and sold under the decree of foreclosure, and that the purchaser thereupon entered into possession, and that he and those claiming under him have retained possession until the present time. There is no claim that the failure in the proceedings to properly describe the property, affected in any manner the sale thereof, under the decree of foreclosure, or prevented any person from bidding at such sale. The plaintiff, therefore, has sustained no damages by reason of the misdescription, and the defendant is entitled to the relief sought; but at his own cost and expenses. In *Davenport v. Sovil,* 6 Ohio State, 460, the facts were somewhat similar to the case at bar, although in that case the land sold under the mortgage does not appear to have been that intended to be covered by the mortgage. The power of a court to correct a mistake of this kind is undoubted, and it is its duty in a proper case to grant the relief sought. *Blodgett v. Hobart,* 18 Vt., 414. *Cummings v. Freer,* 26 Mich., 128. *Quivey v. Baker,* 37 Cal., 465. *Donald v. Beals,* 57 Id., 399.

The judgment of the district court is clearly right, and as above modified as to costs, is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.