Manfull v. Graham.

---

## JOHN MANFULL v. A. D. GRAHAM.

FILED JUNE 23, 1898. No. 8199.

1. **Infants: GUARDIAN AD LITEM: JUDGMENTS.** Where infant defendants have been regularly summoned, the failure to appoint a guardian *ad litem* to represent them is an error merely and does not render void the judgment entered. *Parker v. Starr*, 21 Neb. 680, followed.

2. ———: **DECREE: VACATING JUDGMENT.** Section 442 of the Code of Civil Procedure, providing that "it shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for that section, such reservation would have been proper, the infant, within one year after arriving at the age of twenty-one years, may show cause against such order or judgment," does not give an infant on arriving at his majority an absolute right to have the judgment set aside, but only to show cause against it, and does not extend that right beyond those cases in which under the old practice such right was reserved in the decree.

3. ———: ———: ———: **SALE OF LAND.** Under section 442, above quoted, an infant is not entitled to a day in court after reaching his majority to show cause against a judgment ordering the sale of his lands,

4. **Judgment Against Infant**: Proceeding to Vacate. An infant against whom an erroneous judgment has been entered may have it set aside under the provisions of sections 602 of the Code, provided his disability did not appear in the record nor the error in the proceedings. If those facts did so appear he must proceed by petition in error.

5. **Judicial Sale**: Title of Purchaser: Vacating Judgment. The title of a stranger derived through a sale under a judgment is not defeated by a subsequent vacation of the judgment, whether such vacation be by proceedings in error or under section 602 of the Code.

6. **Judgment Against Infant**: Action to Vacate. An original suit cannot be maintained to vacate an erroneous judgment against an infant, without at least showing a good defense to the first action.

Error from the district court of Buffalo county. Tried below before Sinclair, J. *Affirmed.*

*Leslie G. Hurd,* for plaintiff in error.

*B. O. Hostetler, contra.*

Irvine, C.

Graham brought suit against Manfull and his wife to foreclose a contract for the sale of land, alleging that Manfull had failed to make the payments of purchase-money as provided. A decree was rendered directing the sale of the land to satisfy the amount found due under the contract. It is conceded that Mrs. Manfull's interest is only such as results from the marital relation. The defense interposed by Manfull was that Graham's contract required him to tender a good title in fee simple and that he was unable to do so because he claimed under a purchaser at a sale foreclosing a mortgage, and the foreclosure was ineffective. The defect in the foreclosure proceedings was that an undivided half interest was in certain minors and that no guardian *ad litem* had been appointed to represent them.

While the answer alleges a failure to serve process on the infants, the stipulation of facts on which the case was tried discloses no such defect. Where infants are

regularly summoned, the failure to appoint a guardian *ad litem* is an error only and does not render void the judgment entered. Such has been the rule with regard to insane defendants. (*McAlister v. Lancaster County Bank*, 15 Neb. 295; *McCormick v. Paddock*, 20 Neb. 486.) In the former case it was intimated that there might be a distinction as to infants, but it was afterwards held that there is no such distinction, and that the rule as to infants is the same. (*Parker v. Starr*, 21 Neb. 680.) *Parker v. Starr* establishes a rule of property, and moreover is in accord with the best considered cases. It will not now be departed from.

From the foregoing it follows that the sale made under the foreclosure decree was not void, and that it passed title to the purchaser. But it is said that the infant defendants have not yet reached their majority and may still be heard to question the regularity of the proceedings, that therefore the defendant is not required to accept a title that may be so attacked. The briefs do not indicate very clearly what procedure is still deemed open to the infants. We can conceive of no possible remedy which may remain open unless it be by virtue of section 442 or section 602 of the Code of Civil Procedure, by proceedings in error, or by original action in the nature of a bill in equity.

Section 442 provides: "It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of twenty-one years, may show cause against such order or judgment." For several reasons no right could be claimed by these infants under that section. In the first place the right there protected is not an absolute right to have the judgment set aside, but it is only to show cause against it. It is not here disclosed by pleadings or by proof that any such cause exists. The failure to appoint a guardian *ad litem* is not

such cause. The section quoted recognizes the old chancery rule, based not on formal defects in the proceedings, but on the theory that the infant was not bound by the answer of the guardian *ad litem*, and might show cause against a decree as well where he had been represented by guardian as where he had not, and this by showing either substantial error, or a defense which had not been interposed. The relief accorded was entirely independent of representation by guardian, and the fact that no guardian had been appointed would be immaterial under this section. Again it was not in all cases that the infant was so accorded his day in court after reaching his majority. The statute does not extend his former rights in that respect, but merely makes it unnecessary to expressly reserve the right in the decree, and allows the right to be asserted only in such cases as, according to the old practice, such express reservation would be proper. Where the decree directed the sale of the infant's lands it was under the former practice binding on the infant and he had no day in court to show cause against it. (*Booth v. Rich*, 1 Vern. [Eng.] 295; *Mills v. Dennis*, 3 Johns. Ch. [N. Y.] 367.) In this respect there was a distinction between a decree ordering a sale and a strict foreclosure.

That portion of section 602 which might be applicable is as follows: "A district court shall have power to vacate or modify its own judgments or orders, after the term at which such judgment or order was made. * * * *Fifth*, For erroneous proceedings against an infant, married woman, or person of unsound mind, where the condition of such defendant does not appear in the record nor the error in the proceedings." It will be observed that it is only where the condition of the defendant does not appear of record nor the error in the proceedings that this section applies. The object of the exception is not at first manifest. The supreme court of Ohio, construing a similar provision, said the reason seemed to be that if the defendant's condition appeared of record it would attract the attenton of the court and so insure due scrutiny.

(*Carey v. Kemper*, 45 O. St. 93.)   We think, however, that
a better reason is that proceedings in error may be
brought within one year after such a disability is re-
moved, and if the condition of the defendant and the error
are disclosed by the record such proceedings afford a
remedy.   Otherwise   section   602   becomes   available.
This seems to be the construction implied in *Jennings v.*
*Simpson*, 12 Neb. 558, from the citation therein of *Yaple v.*
*Titus*, 41 Pa. St. 195.   In the present case whether the
condition of the infants appeared of record is not dis-
closed, but that fact is not material.   If it was disclosed
and the foreclosure decree should ultimately be reversed
on error the purchaser would be protected by the express
terms of section 508 of the Code of Civil Procedure.   (*Mc-*
*Ausland v. Pundt*, 1 Neb. 211; *Green v. Hall*, 43 Neb. 275.)
If, on the other hand, their condition did not appear of
record we still think that section 508 applies, and that
the title of the purchaser would not be defeated or af-
fected by a subsequent vacation of the judgment.   Va-
cating judgments under section 602 is referred to under
the title of "reversals" by the court rendering the judg-
ment, and we do not think that section 508 in using the
word "reversal" contemplated only a reversal by an ap-
pellate court.   It meant a reversal by any court author-
ized to set aside the judgment.   Its policy was to protect
purchasers at sales under judgments which had been ren-
dered by courts of competent jurisdiction in the premises,
no matter how erroneous might be the proceedings lead-
ing to the judgment.   Independent of any statute a title
so derived is not defeated by a subsequent vacation of
the judgment.   (*Allman v. Taylor*, 101 Ill. 185; *England*
*v. Garner*, 90 N. Car. 197.)

A sufficient reason why the title is not hazarded by an
original action is that the defendant suggests no equity
in favor of the minors or no defense to the foreclosure.
This would be necessary to maintain an original case
and it would indeed be necessary to a proceeding under
section 602.

As it was not shown that the plaintiff's title was defective or even threatened, the judgment of the district court was right.

AFFIRMED.