FRED SCHLEUNING ET AL., APPELLANTS, V. KATE TATRO ET AL., APPELLEES.

FILED NOVEMBER 10, 1931. No. 27933.

*G. W. France* and *Charles F. Stroman,* for appellants.

*Elmer E. Ross, Donald F. Sampson* and *W. W. Wycoff,* contra.

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and RAPER and RYAN, District Judges.

PER CURIAM.

This is an action brought pursuant to sections 20-2001 and 20-2002, Comp. St. 1929, by Fred Schleuning and George Schleuning, by E. Robinson, their next friend, to vacate a judgment in partition and the sale of premises thereunder, entered in, and made by, the district court for York county, wherein Kate Tatro, Steven Tatro, her husband, and John C. Schleuning were plaintiffs, and Fred Schleuning and George Schleuning (plaintiffs and appellants in the present proceeding) and Otto Schleuning and Lizzie Schleuning were defendants. The final order of confirmation of the referee's sale made in this partition proceeding was entered on the 9th day of December, 1929.

From appellants' brief we learn: "Prior to the 10th day of January, 1902, Catherine Schleuning and her husband, Adam Schleuning, mother and father of· the appellants, Fred Schleuning and George Schleuning, and of the appel-

lees, Kate Tatro, John C. Schleuning, Lizzie Schleuning and Otto Schleuning, were living upon the land involved herein (here follows description of land), the record title thereof standing in the name of the mother, Catherine Schleuning.

"On or about the 10th day of January, 1902, the said Catherine Schleuning died, testate, leaving surviving her the said husband, Adam Schleuning, and the six children designated and named above, the said Kate Tatro being the only child ever married, and all now and at times herein mentioned living.

"Her estate was duly probated in York county and, as provided by the terms of her will, the husband, Adam Schleuning, was given a life interest in the said land (the premises here in suit) *and at his death it was to be divided share and share alike between the six children.*

"The father, Adam Schleuning, died in March, 1917, and thus the title to said quarter section of land became vested in the said six Schleuning children or heirs herein named share and share alike.

"From the date of the purchase of the land herein involved, many years prior to 1902, the year of the death of Catherine Schleuning, the mother, until about March, 1931, this land was lived upon, occupied, cultivated by the Schleunings. During said long period of years Kate Schleuning married Steven Tatro and now is and for many years has been living at Central City, Nebraska, and John C. Schleuning, the youngest of said six children, left the family home many years ago and now is and has been for a long time living in Los Angeles, California; after the death of the father and mother, Fred, George, Otto and Lizzie remained upon said land; some time in 1929 Otto and Lizzie moved off the said home place, leaving Fred and George thereon, and they remained there until March, 1931, when they were forcibly removed by the sheriff of York county, Nebraska, under a writ of restitution, arising out of and from the partition suit, the judgment in which action this suit is brought to vacate and set aside."

To the amended petition of the plaintiffs herein separate demurrers were filed by the defendants based on the reasons that the amended petition "does not state facts sufficient to constitute a cause of action," and that "several causes of action are improperly joined" therein. These demurrers were sustained by the district court, and the plaintiffs electing to plead no further, the action was dismissed. From this order of dismissal, appellants, plaintiffs below, prosecute this appeal.

The express provision of our statute governing the matter before us is: "The proceedings to vacate or modify the judgment or order on the grounds mentioned in subdivisions four, five, * * * seven (on which appellants rely) * * * of the last preceding section, shall be by petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant." Comp. St. 1929, sec. 20-2002. The amended petition of appellants, to which demurrers were sustained, did not contain a "defense to the action." The facts conceded in this pleading entitle the defendants to a decree in the partition action confirming the shares and directing sale. Indeed the prayer of this amended petition is an implied admission of this fact. It is, in part, that a mortgage on the premises executed by the purchaser at the partition sale "be ratified and confirmed;" that then the "referee be ordered and directed again to offer said land for sale," etc. The gist of appellants' complaint may be said to be: (a) That Fred Schleuning was at all times material to this action a man of "weak mind and low mentality;" that George Schleuning was in like manner "an imbecile" and "actively psychotic and notoriously insane;" (b) that the plaintiffs in the partition case well knew these facts, but failed to advise the court by appropriate allegations, and failed to have a guardian *ad litem* appointed for the appellants; (c) that as a necessary consequence the land was sold for $12,008, instead of $13,008, which it otherwise would have brought, and a loss was caused of certain buildings which have been erected on the premises by them, and all of which

might be removed without damage to the land, and appellants were also deprived of 65 acres of wheat planted by them on the premises subsequent to the commencement of the action in partition. It may be said in passing that neither size, plan, material or value of any of the improvements is alleged by the pleaders, nor is the condition or value of the planted wheat set forth by them.

In answer to the basic contention of appellants, it may be said that the general rule is that failure to appoint a guardian *ad litem* for an insane defendant is, at most, only erroneous, for which the appropriate remedy is by a proceeding in error, and not by an original action to vacate the judgment. *McAllister v. Lancaster County Bank*, 15 Neb. 295; *Kuhn v. Kilmer*, 16 Neb. 699; *McCormick v. Paddock*, 20 Neb. 486.

It seems, however, that the express provisions of the statute governing partition in this state are controlling in this controversy. Appellants' amended petition expressly admits that appellants "were served with summons." This language, in view of total absence of allegations to the contrary, as well as the rule that allegations of a pleading are construed against the pleader, justifies the inference that appellants were properly served with summons as provided by law. In this connection it is expressly provided: "The defendants (in an action for partition) may be served in the same manner as in ordinary civil action by summons, or by publication as provided in this Code, and when all the parties in interest have been duly served, any of the proceedings herein prescribed shall be binding and conclusive upon them all." Comp. St. 1929, sec. 20-21,106. Also: "Upon report of the referee or referees being confirmed, judgment thereon shall be rendered that the partition be firm and effectual forever." Comp. St. 1929, sec. 20-21,105. And further: "The judgment of partition shall be presumptive evidence of title in all cases, and as between the parties themselves it is conclusive evidence thereof, subject, however, to be defeated by proof of a title paramount to, or independent of, that under which the parties held as joint tenants or tenants in common." Comp. St. 1929, sec. 20-21,107.

In addition to the statutes quoted, whose express terms apparently control, this tribunal is committed to the view that "District courts have jurisdiction under the Constitution and the Code to partition real estate; and, when all of the parties interested in a tract of land are before the court in such suit, its judgment fixing the shares of the parties, directing partition, and later confirming a sale of said real estate is final, and the parties thereto, in the absence of fraud upon the face of the proceedings, are estopped thereby, although said judgment is erroneous and would have been reversed on appeal." *Kazebeer v. Nunemaker,* 82 Neb. 732. Also, see *Federal Land Bank v. Tuma,* 116 Neb. 99; *Manfull v. Graham,* 55 Neb. 645; *Security Abstract of Title Co. v. Longacre,* 56 Neb. 469; *Citizens State Bank v. Haymes,* 56 Neb. 394.

The allegations of the petition with reference to the purchaser, carefully considered, wholly fail to allege facts supporting the conclusion that the purchaser in any manner participated in the fraud alleged, or that in any manner affected his character as a *bona fide* purchaser. Therefore it appears that he is within the rule that a *bona fide* purchaser under a decree of partition will be protected by section 20-1541, Comp. St. 1929, even though the judgment is thereafter reversed. *Kazebeer v. Nunemaker,* 82 Neb. 732; *Federal Land Bank v. Tuma,* 116 Neb. 99; *Pauley v. Knouse,* 109 Neb. 716; *Coates v. O'Connor,* 102 Neb. 606.

It follows therefore that the proceedings had and orders entered in this cause, after service of summons duly made on the appellants, were binding and conclusive upon them, and that the action of the trial court in sustaining demurrers to their petition in the instant proceeding was right, and it is

AFFIRMED.