PENN MUTUAL LIFE INSURANCE COMPANY, APPELLEE, V. EVA P. SWEENEY ET AL., APPELLANTS.

273 N. W. 46

FILED APRIL 23, 1937. No. 29963.

*Walter G. Badham,* for appellants.

. *Sidney W. Smith, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

GOSS, C. J.

There is no bill of exceptions. We derive all data from the transcript. This action was begun May 29, 1931, by filing a petition against Eva P. Sweeney and Elizabeth P. Goodrich and by service of summons on each of them to foreclose a mortgage on two lots and improvements in Dundee Place in Douglas county. Decree was entered August 4, 1931. The transcript does not show whether a stay was taken, but the next entry after the decree is a motion to confirm sale filed July 27, 1932. The sale was confirmed November 12, 1932, and a conveyance directed to be made by the sheriff to plaintiff as the purchaser. July 5, 1935, plaintiff applied for an order for a writ of assistance to oust defendant Goodrich, who was alleged to be in possession, and on December 2, 1935, the court ordered the writ and directed the sheriff to oust defendant Goodrich and put plaintiff in possession.

On March 16, 1936, defendant Goodrich filed a pleading, called a substituted motion, asking for an order canceling the sheriff's deed and recalling the writ of assistance on the grounds that no notice of the confirmation of sale was had upon Moses P. O'Brien, attorney of record for defendants, and the only notice thereof was served upon defendants by leaving copies at the usual place of residence of defendants on July 29, 1932; that on July 27, 1932, Eva P. Sweeney, the owner of an undivided half of the real estate in foreclosure, was declared mentally incompetent and insane by the insanity board of Douglas county and was

legally incompetent to receive any notice at the time the notice was alleged to have been served.

To this pleading plaintiff filed an answer pleading that it was unable to serve notice of confirmation upon Moses P. O'Brien, attorney of record for defendants, because he maintained no office and had no known place of abode, and so served a copy of the notice upon defendant Goodrich at her usual place of residence and left a copy with her for defendant Sweeney, both of whom had their residences in the same house; that William Colfax, as the agent and representative of defendants, appeared in court at the time set for the hearing and secured continuances for defendants until November 12, 1932, when the sale was confirmed; that both defendants knew that the sale was confirmed and the sheriff's deed executed and never up to March 16, 1936, questioned the validity of the order of confirmation and sheriff's deed; that Eva P. Sweeney died December 29, 1932, and Elizabeth P. Goodrich is her sole and only heir; that defendant Goodrich requested to reside in the premises after the confirmation of the sale and execution of sheriff's deed, agreed to pay $30 a month therefor and did pay that rental for December, 1932, and following months until May, 1933, and in April, 1933, she and plaintiff made a written lease for one year at $30 a month, which provided that either party might cancel it upon 30 days' notice; that defendant Goodrich made application to the Home Owners Loan Corporation for a loan that she might repurchase said property and requested plaintiff to accept bonds issued by the corporation; that in her application she stated that plaintiff was the owner through foreclosure proceedings; that plaintiff had paid taxes amounting to $647.91 on the premises since it received its sheriff's deed and would not have paid them had it not believed it was the owner of the property; that by her actions defendant Goodrich led plaintiff to believe the foreclosure proceedings were regular and that she had full knowledge and notice of the proceedings and is now estopped to claim ownership or that the proceedings were irregular or invalid; that defendant has been

guilty of laches in the premises; that the term of court at which the sale was confirmed and that at which the order of confirmation was entered have adjourned and the court is without jurisdiction to vacate either order. No reply was filed.

April 11, 1936, Elizabeth P. Goodrich, as administratrix of the estate of Eva P. Sweeney, deceased, was substituted as a defendant and thereupon she filed a petition to vacate the judgment and decree and plaintiff filed an answer thereto, both of which are substantially the same as the pleadings heretofore abstracted.

On April 30, 1936, upon hearing and arguments, the court overruled the motions and petitions of defendants and ordered the sheriff to execute the writ of assistance. Supersedeas bond was fixed. Defendants gave the bond and appealed.

The first point of defendants is that the court erred in confirming the sale because the notice was not served on their attorney of record but was served by leaving copies at the usual place of residence of defendants; that is, that the sale was confirmed before the matter, by proper notice, stood for hearing. It must be conceded that this question was raised several years after the final order confirming the sale was made. The record shows the adjournment of the term of court had long passed. "The motion to vacate a judgment because of its rendition before the action regularly stood for trial can be made only in the first three days of the succeeding term." Comp. St. 1929, sec. 20-2003.

It is claimed by appellants that a guardian *ad litem* should have been appointed for Eva P. Sweeney. The answer to that is that the failure to appoint a guardian *ad litem* is at most only erroneous and the appropriate remedy is by direct appeal and not by an original action to vacate the judgment. *McAllister v. Lancaster County Bank,* 15 Neb. 295, 18 N. W. 57; *Kuhn v. Kilmer,* 16 Neb. 699, 21 N. W. 443; *McCormick v. Paddock,* 20 Neb. 486, 30 N. W. 602; *Schleuning v. Tatro,* 122 Neb. 3, 238 N. W. 741.

A tenant cannot dispute his landlord's title. *Gies v.*

*Storz Brewing Co.,* 75 Neb. 698, 106 N. W. 775; *Schroeder v. Bartlett,* 129 Neb. 645, 262 N. W. 447.

"A reply must be made to all the material allegations of new matter contained in an answer, or they will be taken as true." *Williams v. Evans,* 6 Neb. 216.

The judgment of the district court is

AFFIRMED.