PETER JEFFREY HARTMAN, APPELLEE, V.
DENISE KELLY HARTMAN, APPELLANT.

657 N.W.2d 646

Filed March 14, 2003.   No. S-02-119.

Robin L. Binning, of Binning & Plambeck, for appellant.

Amy Sherman Geren, of Geren Law Office, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Denise Kelly Hartman moved to vacate a decree dissolving her marriage to Peter Jeffrey Hartman, claiming that due to her mental illness, the trial court was required to appoint a guardian ad litem for her pursuant to Neb. Rev. Stat. § 42-362 (Cum. Supp. 2002). Denise appeals from a denial of that motion.

## FACTS

The parties were married on June 1, 1996, in Douglas County, Nebraska, and separated in October 1999. Two children were born of the marriage, the first on June 17, 1998, and the second on September 16, 1999. Peter filed a petition for dissolution in the district court for Douglas County on March 9, 2000. Prior to trial, Peter sought an order requiring Richard Young Mental Health Center to release records pertaining to treatment received by Denise at that facility subsequent to the parties' separation. Denise agreed, and the order was entered upon the stipulation of the parties. Subsequently, Peter filed a motion seeking release of all mental health records pertaining to the care and treatment received by Denise. The court entered an order requiring such release. Two days before the scheduled trial in December 2000, Denise sought a continuance to allow time for her to undergo a complete psychological evaluation. The requested continuance was apparently granted, and trial commenced on April 6, 2001.

Both parties were represented by counsel at trial. Glenda Cottam, a clinical psychologist qualified as an expert in psychology, testified on behalf of Denise. Cottam testified that Denise exhibited a bipolar disorder, with depression as the predominant feature at the time of trial. Cottam testified that Denise had been taking psychotropic medications, which she discontinued without the permission of her treating physician. However, Cottam

expressed her opinion that with regular counseling and appropriate medical care, Denise was able to act as a fit parent. The court also received documentary evidence reflecting that Denise had been diagnosed and treated for a bipolar disorder. There was no evidence that this condition rendered her incompetent.

During the trial, the parties reached agreement and stipulated through their respective counsel that legal and physical custody of the minor children be awarded to Peter, with Denise having visitation every other weekend and every Thursday evening, as well as on specified holidays. The court indicated that it would accept the stipulation, subject to a requirement that Denise receive psychiatric treatment. There was no request for or discussion of appointment of a guardian ad litem for Denise at any time during the trial or pretrial proceedings.

On June 25, 2001, the court entered a decree dissolving the marriage, dividing marital property and debts, and awarding custody and visitation rights as agreed by the parties. The decree included a requirement that Denise pay child support of $150 per month for two children. The court noted in its decree:

> This child support obligation represents a deviation from the calculation offered by the Respondent at the time of trial and attached hereto. Said deviation is based upon the Court's specific factual finding that the Respondent suffers from significant mental health conditions which will require the incurring of medical expenses and medication expenses by the Respondent. Said care is needed by Respondent to continue being an effective care-giver for her children during periods of visitation.

The decree also required Peter to pay Denise alimony of $450 per month for 20 months. Neither party appealed from the decree.

On August 23, 2001, Denise, now represented by different counsel, filed an application to vacate the decree of dissolution pursuant to "Neb. Rev. Stat. §25-2001 (3)&(7), or pursuant to the independent equity powers of this Court." Denise alleged that although the pleadings and evidence showed that she was mentally ill, the court did not appoint her a guardian ad litem as required by § 42-362.

On August 23, 2001, at the hearing on the application to vacate, Denise testified and offered the record from the dissolution

proceedings in support of her motion. The court denied the motion to vacate on grounds that Denise was represented by counsel throughout the dissolution proceedings and that she did not file a motion for new trial or appeal from the decree.

On September 20, 2001, Denise appealed the district court's dismissal of her motion to vacate. Denise's appeal was dismissed pursuant to Neb. Ct. R. of Prac. 7A(2) (rev. 2000) because the district court's order denying the application to vacate the decree was not properly date stamped. See *Hartman v. Hartman*, 10 Neb. App. liv (No. A-01-1051, Dec. 4, 2001). Denise subsequently filed a motion for final order of the court, and on December 31, 2001, a final order was properly filed. Denise then perfected this timely appeal.

## ASSIGNMENT OF ERROR

Denise assigns that the district court erred as a matter of law when it denied her application to vacate the decree of dissolution pursuant to the court's equity powers and/or Neb. Rev. Stat. § 25-2001 (Cum. Supp. 2002), based on the fact that she was not appointed a guardian ad litem pursuant to § 42-362.

## STANDARD OF REVIEW

■ The decision to vacate an order anytime during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. See, *Talkington v. Womens Servs.*, 256 Neb. 2, 588 N.W.2d 790 (1999); *First Fed. Sav. & Loan Assn. v. Wyant*, 238 Neb. 741, 472 N.W.2d 386 (1991).

## ANALYSIS

Denise sought to have the decree of dissolution vacated "pursuant to Neb. Rev. Stat. §25-2001 (3)&(7), or pursuant to the independent equity powers of this Court." On appeal, Denise assigns that the district court erred in failing to vacate the decree "pursuant to the court's equity powers, and/or §25-2001." Brief for appellant at 4. We note that the statutory provisions which Denise relies upon and which were formerly codified at Neb. Rev. Stat. § 25-2001(3) and (7) (Cum. Supp. 1998), were recodified in 2000 as § 25-2001(4)(a) and (f) (Cum. Supp. 2002). These provisions provide in pertinent part:

> A district court may vacate or modify its own judgments or orders after the term at which such judgments or orders were made (a) for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order . . . (f) for unavoidable casualty or misfortune, preventing the party from prosecuting or defending . . . .

§ 25-2001(4). These statutory grounds plainly apply to modification or vacation of a judgment *after* the term of court at which it was entered. In this case, the application to vacate was made during the same term that the decree was entered. The term of the district court for Douglas County is coextensive with the calendar year. See Rules of Dist. Ct. of Fourth Jud. Dist. 4-1C (rev. 1995). The decree in this case was signed by the district judge on June 22, 2001, and file stamped June 25. As the application to vacate was filed on August 23, Denise clearly sought to have the judgment set aside in the same term in which it was entered.

█ Although the statutory provisions under § 25-2001(4) are not applicable, § 25-2001(2) expressly provides that "[t]he power of a district court under its equity jurisdiction to set aside a judgment or an order as an equitable remedy is not limited by this section." It is well settled that a district court has the inherent authority to vacate or modify a decision within the same term that the decision is rendered. *Talkington v. Womens Servs., supra.* Accordingly, a district court has equitable power to vacate a judgment during the term in which it was entered on grounds which include, but are not limited to, those enumerated in § 25-2001(4).

█ Because the decision to vacate an order within the same term is within the discretion of the court, the decision will be reversed only if it is shown that the district court abused its discretion. *Talkington, supra.* An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Denise argues that the district court abused its discretion in failing to vacate the decree because the court did not appoint a guardian ad litem for Denise in the dissolution proceedings pursuant to § 42-362. Section 42-362 provides in pertinent part, "When the pleadings or evidence in any action pursuant to sections 42-347 to 42-381 indicate that either spouse is mentally ill,

a guardian ad litem or an attorney, or both, shall be appointed to represent the interests of such spouse."

Section 42-362 does not define the term "mentally ill." Denise, however, urges an interpretation of "mentally ill" that would require courts to appoint a guardian ad litem pursuant to § 42-362 for any party in a dissolution proceeding who suffers from mental illness, regardless of the nature and severity of that illness. We need not decide this issue of statutory interpretation, however, because we conclude that the district court did not abuse its discretion in denying the application to vacate the decree, regardless of how the term "mentally ill" in § 42-362 is interpreted.

In its ruling, the district court noted that Denise was represented by counsel throughout the dissolution proceedings and that she did not file a motion for new trial or to perfect an appeal from the decree. The record reflects no explanation for why these steps were not taken. In addition, nothing in the record indicates that Denise's interests were adversely affected by not having a guardian ad litem appointed.

Denise does not allege that she could not communicate effectively with her counsel during the proceedings. Furthermore, she does not offer any concrete example of how she was prejudiced by not having a guardian ad litem appointed. Denise testified generally that her purpose in attempting to have the court vacate the judgment was to "make sure that my interests are looked out for, so in case I become depressed again or give up, that that doesn't happen." She did not, however, specify which of her "interests," if any, were not "looked out for" in the dissolution proceedings. Denise did testify that she "was not told that [she] could not be present when the children were picked up" following visitations. However, when asked if there was anything else she did not understand, Denise responded, "That was it."

We also note that the claim which Denise asserts as grounds for vacating the decree could have been asserted on appeal. Indeed, we held in *Penn Mutual Life Ins. Co. v. Sweeney*, 132 Neb. 624, 273 N.W. 46 (1937), that the failure of the trial court to appoint a guardian ad litem for an allegedly incompetent party in a mortgage foreclosure proceeding "is at most only erroneous and the appropriate remedy is by direct appeal and not by an original action to vacate the judgment." 132 Neb. at 627, 273 N.W. at 48.

The denial of the motion to vacate was not "untenable or unreasonable or . . . clearly against justice or conscience, reason, and evidence," see *Talkington v. Womens Servs.*, 256 Neb. 2, 5, 588 N.W.2d 790, 794 (1999), because (1) Denise was represented by counsel throughout the dissolution proceedings, (2) she did not appeal from the decree, and (3) the record does not show that her interests were adversely affected by the fact that a guardian ad litem was not appointed. The district court did not abuse its discretion in denying the motion to vacate, and we therefore affirm.

AFFIRMED.