MARY BIESECKER, APPELLEE, V. EDWIN ALLEN BIESECKER,
APPELLANT.

212 N. W. 2d 576

Filed November 30, 1973. No. 39141.

William G. Line of Kerrigan, Line & Martin, for appellant.

F. A. Gossett, III, for appellee.

Heard before SPENCER, SMITH, NEWTON, and CLINTON, JJ., and MURPHY, District Judge.

MURPHY, District Judge.

This is an action brought by the father-defendant to reduce child support payments for the stated reason that the mother-plaintiff has removed herself and the minor child of the parties to the State of Hawaii without the consent of the defendant or the court, and has thus destroyed defendant's visitation rights for all practical purposes.

The parties were divorced April 24, 1970, the plaintiff being granted custody of their son, Shane, with defendant being granted reasonable rights of visitation. In the spring of 1972 the plaintiff moved to Hawaii, taking Shane with her. She has never obtained the trial court's consent to that removal. No reason for her removal is alleged or shown. Both before and after the removal she had to resort to garnishments to secure payment of the child support allowed. Defendant filed his application in June 1972. A hearing was held, and the application denied February 28, 1973. De-

fendant did not visit his son from the date of the removal to the date of the hearing.

Whether or not the defendant ever requested or demanded that the plaintiff return Shane so that he could exercise his right of visitation does not appear, nor was any showing made that the boy is being secreted, is in need, or is being improperly cared for. Whether or not the defendant exercised his right of visitation before the boy's removal, or if he did so, the extent thereof is not shown. Plaintiff's statement, in her brief, that defendant did see his son between June 8 and August 28, 1973, when the boy was visiting his grandparents is neither supported nor refuted in the bill of exceptions, transcript, or supplemental transcript.

The power of a court to reduce, suspend, or terminate its order for child support payments in a situation such as this is a power that generally will only be exercised as a last resort or where it is apparent that to do so affords the only remedy that can reasonably be expected to fit the mischief. Usually, proof of the removal, without more, will not provide an adequate basis for the exercise of the power. All the material circumstances should be submitted for the trial court's consideration. In an appropriate situation, alternative remedies ought to be explored. McGee v. McGee, *ante* p. 415, 209 N. W. 2d 339.

In this case the trial court retains continuing jurisdiction over the person of both parties and their child. We have examined the record and have found no error.

The judgment and order of the District Court are correct and are affirmed. The application of the plaintiff for allowance of attorney's fees in this court is denied.

AFFIRMED.