LISA A. WILSON, APPELLEE, V. HAROLD B. WILSON, APPELLANT.

469 N.W.2d 750

Filed May 24, 1991.   No. 90-1060.

Harold B. Wilson, pro se.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Petitioner-appellee, Lisa A. Wilson, acting pro se, filed a petition for divorce in the district court for York County, Nebraska. The petition alleged that the marriage between petitioner and respondent was irretrievably broken and should be dissolved. Respondent-appellant, Harold B. Wilson, also acting pro se, filed an "Appearance and Responsive Pleading of Respondent" alleging, in part, that "[t]he parties are both serving lengthy sentences, so lengthy that subsequent marriage by either is unlikely, and/or unlikely to be ever consemated [sic]." Respondent requested that the court "transfer this proceeding to a concilation [sic] court per Neb Rev. Stat. 42-360" and prayed that "the court will not find that this marriage is irretrievably broken."

On August 28, 1990, the trial court ordered, "This matter is set down for trial September 18, 1990 at 11:00 a.m." Respondent then moved for an order that he be transported from the Nebraska State Penitentiary to York County for the trial. This motion was denied. Apparently, petitioner requested transportation also, and this request was also denied.

On October 16, 1990, the court entered a decree dissolving the marriage of the parties. On October 24, 1990, respondent appealed to this court, assigning three errors, contending the district court abused its discretion in (1) not "allowing the parties to appear in person at the final divorce hearing, or by not providing an alternate means for the parties to submit evidence and testimony at the hearing"; (2) rendering a decision "solely upon the parties' pleadings, which were not substantive evidence"; and (3) not "affording the parties an opportunity to effect reconciliation of the marriage." We reverse the judgment of the district court.

Our standard of review in an appeal involving an action for dissolution of marriage is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, giving due weight to the fact that the trial judge, after hearing testimony and observing the witnesses, accepted one version of the facts rather than another. *LaBenz v. LaBenz*, 237 Neb. 231, 465 N.W.2d 726 (1991).

The record before us includes a transcript containing, among other pleadings, a verified petition, a verified response, and a decree, and a bill of exceptions. The entire bill of exceptions is as follows:

([I]n the District Court of York County . . . neither of the parties being present either in person or by counsel, the following proceedings were had:)

THE COURT: This 14548. Lisa Wilson versus Harold Wilson. The matter comes on for trial on dissolution. The Court finds it has jurisdiction of the parties and of the subject matter. The Court judicially notices the petitioner's sworn petition, accept the matter — and accepts those facts alleged in therein [sic] as being true, finds that the marriage should be and is dissolved. We'll prepare a decree.

We find that to proceed with a "trial" on the petition and response alone, in which "trial" neither party appeared in person and no evidence was adduced through testimony or by deposition, constitutes error on the part of the trial court. The purpose of the pleadings is to frame issues upon which a cause is to be tried and to advise the adversary as to what he must meet. *Bashus v. Turner*, 218 Neb. 17, 352 N.W.2d 161 (1984). The pleadings alone are not proof but mere allegations of what the parties expect the evidence to show. Appellee's petition and appellant's response to it set out only a factual and legal dispute. Neb. Rev. Stat. § 42-356 (Reissue 1988) provides that in dissolution actions "[h]earings shall be held in open court upon the oral testimony of witnesses or upon the depositions of such witnesses taken as in other actions."

In this case, no oral testimony was adduced, nor were any depositions introduced, in any of the various forms permitted by statute, including affidavits or written interrogatories. The

court was faced with only pleadings on behalf of petitioner, seeking dissolution of the marriage, and pleadings on behalf of respondent, opposing that dissolution. There were several evidentiary matters on which evidence should have been submitted in some form before the court could act. While petitioner prayed for the restoration of her maiden name, there was no evidence submitted on that issue, and therefore no evidence showing that the name "Lisa Ann Hoisington," set out in the decree, was petitioner's maiden name.

In addition, Neb. Rev. Stat. § 42-361(2) (Reissue 1988) provides:

> If one of the parties has denied under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation, and shall make a finding whether the marriage is irretrievably broken.

Without some form of evidence, it is not possible for the court to "consider all relevant factors" and make an appropriate finding whether the marriage is irretrievably broken. The court's decree was therefore without any factual basis. In that situation, of course, a de novo review by this court is impossible. The decree is reversed and the cause remanded.

In so holding, we recognize that prison inmates have a right to marry under certain conditions. See *Turner v. Safley*, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1971). We also recognize that indigents have a right to pursue marriage dissolution actions and be given a meaningful opportunity to be heard. See *Boddie v. Connecticut*, 401 U.S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971). We assume, then, that a prison inmate must be given a meaningful opportunity to be heard in responding to a marriage dissolution action.

We also reaffirm our earlier holding that prison inmates have no constitutional right to be released from prison so that they may be present in person at the trial of a civil court action. See *Caynor v. Caynor*, 213 Neb. 143, 327 N.W.2d 633 (1982).

REVERSED AND REMANDED.