DENTON W. BRUNGES, APPELLEE,
v. MARY E. BRUNGES, APPELLANT.
587 N.W. 2d 554

Filed December 31, 1998.  No. S-97-312.

Sally A. Rasmussen, of Mousel, Garner & Rasmussen, for appellant.

Timothy W. Nelsen, of Nelsen Law Office, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Mary E. Brunges appealed from a decree of dissolution entered by the district court for Johnson County. The Nebraska Court of Appeals affirmed the judgment with regard to the issues of dissolution and alimony, but reversed the judgment and remanded the cause for an evidentiary hearing on the issues of child support, visitation, and custody. We granted further review.

## SCOPE OF REVIEW

On questions of law, an appellate court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Hoiengs v. County of Adams*, 254 Neb. 64, 574 N.W.2d 498 (1998).

## FACTS

Mary and Denton W. Brunges were married on July 12, 1986, in Genesee County, Michigan. Four children were born to the marriage: Jennifer N., born August 24, 1988; Kari M., born November 19, 1990; Breanna L., born April 7, 1993; and Haley M., born April 7, 1993. Denton filed a verified petition on July 1, 1996, in the district court for Johnson County, alleging that he was a resident of Otoe County and had been a resident of Nebraska for more than 1 year prior to filing the petition. He alleged that Mary was a resident of Johnson County and that neither party was a member of the armed forces. He claimed

that all reasonable efforts at reconciliation had failed and that the marriage between the parties was irretrievably broken and should be dissolved by the court.

The petition stated that during the course of the marriage, the parties had acquired an interest in certain real and personal property and had become liable for certain debts. Denton requested that a fair and reasonable division of such property be made by the trial court and that a determination be made concerning the payment of debts. Denton's prayer for relief requested that the marriage be dissolved, that the property of the parties be equally divided, and that the debts be determined and divided, as well as such further and other different relief as the court deemed just and equitable.

Mary's responsive pleading admitted that Denton was a resident of Otoe County, that he had resided in the state for more than 1 year prior to the filing of the petition, that she was a resident of Johnson County, and that neither party was a member of the armed forces. She admitted that the marriage between the parties was irretrievably broken and that the trial court should dissolve the marriage. She acknowledged that the parties had acquired an interest in personal property and had become liable for certain debts and requested that the court make a fair and equitable distribution of such matters. Her prayer for relief requested that the marriage be dissolved; that she be awarded care, custody, and control of the minor children subject to visitation; that she be awarded child support consistent with the Nebraska Child Support Guidelines; that she be awarded alimony; that the court divide the property and debts; and that she be awarded costs, fees, and such other relief as the court deemed just and equitable.

Subsequently, Mary was granted temporary custody of the minor children subject to visitation by Denton. Denton was ordered to pay $452 per month in child support and one-half of the medical or dental expenses not covered by his insurance. He was also required to share in one-half of the cost of child care.

A hearing on the dissolution was held December 18, 1996, at which time no witnesses testified and no depositions, exhibits, or written stipulations were offered or admitted into evidence. Both parties were present at the hearing, but neither party testi-

fied. Denton's attorney told the trial court that the parties were both fit persons to have the care, custody, and control of the minor children, but that Denton would stipulate and agree that it was in the children's best interests for Mary to have custody. The attorney stated that all efforts at reconciliation had failed and that the marriage between the parties was irretrievably broken and should be dissolved by the court. He stated that during the course of the marriage, the parties had been given certain property, which he claimed had been "basically split" except for those items set forth in "Exhibit 1"; that there was no money left in the retirement account; and that the parties had deviated from the child support guidelines because Denton was presently unemployed. He suggested to the court that it order $50 per month child support until such time as Denton became employed.

In response, Mary's attorney stated that she would ask the trial court to consider extending Denton's one-half share of the child-care expenses to apply to those times when Mary attended a class which she was taking to improve her employment status. Denton's attorney responded that child-care expenses should not be required while Mary attended class.

The trial court ordered the marriage dissolved and asked the attorneys what the stipulation was on custody of the children. Denton's attorney stipulated that Mary would have custody, that Denton would receive visitation on even-numbered weekends from Friday through Sunday, and that "Wilson v. Wilson[, 224 Neb. 589, 399 N.W.2d 802 (1987),] will be followed as to the holidays." The court announced that it would set child support at $150. No testimony or deposition evidence was offered, nor were any documentary exhibits introduced into evidence.

A decree of dissolution was filed on February 11, 1997, in which the trial court stated that it had taken judicial notice of its records and files and heard the stipulation offered by the parties. Upon the evidence submitted by the parties and the pleadings filed therein, the court found that all reasonable efforts at reconciliation had failed; that the marriage between the parties was irretrievably broken; that the parties had agreed to a division of property, with the parties retaining the property in each's custody; and that Denton's retirement account was used before

the filing of the dissolution and Denton should not be ordered to pay any moneys back to Mary. Each party was to be responsible for his or her own bills, if any, and legal custody of the minor children was awarded to Mary, subject to reasonable rights of visitation set forth in the decree. Denton was ordered to pay $50 per month in child support commencing on January 1, 1997, and one-half of the child care costs while Mary was working, but not while she was attending school. Neither party was found to be entitled to alimony, and each party was directed to pay his or her own attorney fees.

On appeal, Mary assigned as error that the trial court erred in entering a decree of dissolution without hearing any oral testimony or receiving any evidence. In a memorandum opinion filed May 7, 1998, the Court of Appeals concluded that the procedures employed by the trial court were in a number of instances flawed and at variance with the established law and that evidence was needed on the matters of child support, visitation, and custody. Therefore, it vacated those portions of the decree setting child support, visitation, and custody and remanded the cause to the trial court for a proper hearing in accordance with the opinion in order to create a record for the trial court and, in the event of an appeal, the appellate court. The Court of Appeals affirmed the remainder of the decree. Temporary custody of the children remained with Mary pending completion of the matters remanded to the trial court.

## ASSIGNMENTS OF ERROR

On petition for further review, Mary assigns as error that the Court of Appeals erred in determining that a trial court can enter a divorce decree where the parties have adduced no evidence upon which the court could base its findings and orders, erred in affirming portions of a written decree which varied from the trial court's pronouncements from the bench, and erred in failing to vacate the entire decree and remand the cause to the trial court for an evidentiary hearing on all issues.

## ANALYSIS

Our determination of whether the trial court could dissolve the marriage presents a question of law. On questions of law, an appellate court has an obligation to reach its own conclusions

independent of those reached by the lower courts. *Hoiengs v. County of Adams*, 254 Neb. 64, 574 N.W.2d 498 (1998).

In order to dissolve a marriage, the trial court must find that the marriage is irretrievably broken. Neb. Rev. Stat. § 42-361 (Reissue 1993) provides in relevant part:

> (1) If both of the parties by petition or otherwise have stated under oath or affirmation that the marriage is irretrievably broken, or one of the parties has so stated and the other has not denied it, the court, after hearing, shall make a finding whether the marriage is irretrievably broken.

In his petition, Denton stated under oath that the marriage was irretrievably broken, and Mary made the same claim in her responsive pleading. The acknowledgment at the end of Mary's pleading stated that the facts contained therein were "true and accurate to the best of her knowledge and belief." We note that this equivocal statement may not qualify as an oath, but we do not find this fact decisive, since what is significant is that Mary did not deny that the marriage was irretrievably broken. Thus, the issue is whether the parties' statements in their pleadings that the marriage is irretrievably broken satisfy the requirements of § 42-361(1). Relying on *Wilson v. Wilson*, 238 Neb. 219, 469 N.W.2d 750 (1991), Mary claims that an evidentiary hearing was required in order for the dissolution of the marriage to be entered by the court.

In *Wilson*, both the petitioner and the respondent were incarcerated. In her petition, the petitioner alleged that the marriage was irretrievably broken, but the respondent denied this fact in his responsive pleading. Despite this disagreement between the parties, the district court dissolved the marriage without conducting a hearing. The respondent appealed, claiming that the district court erred in rendering a decision based solely on the pleadings. We held that it was error to proceed with a trial on the petition and response alone without allowing the parties to appear in person or to provide evidence through testimony or depositions, because pursuant to § 42-361(2), "[i]f one of the parties . . . denie[s] under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors, including . . . the prospect of reconciliation, and shall make a finding whether the marriage is irretrievably broken." We held

that in circumstances where one of the parties denies that the marriage is irretrievably broken, the pleadings alone cannot be treated as proof of this fact. We concluded that oral testimony or depositions of witnesses must be received into evidence in open court before a court may dissolve a marriage.

We recognize that the facts of the case at bar are distinguishable from those in *Wilson v. Wilson, supra.* In *Wilson*, one party admitted that the marriage was irretrievably broken while the other denied such fact, and thus, § 42-361(2) was applicable. Here, we proceed under § 42-361(1), since at least one party admitted in a verified pleading that the marriage was irretrievably broken and the other did not deny the allegation.

Generally, admissions made in pleadings are taken as proof of the fact alleged and thereby waive or dispense with the need to produce evidence of that fact. *U S West Communications v. Taborski*, 253 Neb. 770, 784, 572 N.W.2d 81, 91 (1998) ("judicial admission" is formal act done in course of judicial proceedings which is substitute for evidence, thereby waiving or dispensing with production of evidence by conceding that proposition of fact alleged by opponent is true).

The question is whether the pleadings by the parties were sufficient to dispense with the need to produce evidence that the marriage was irretrievably broken. Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Abboud v. Papio-Missouri River NRD*, 253 Neb. 514, 571 N.W.2d 302 (1997). In construing a statute, a court must attempt to give effect to all of its parts, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute. *Omaha World-Herald v. Dernier*, 253 Neb. 215, 570 N.W.2d 508 (1997). A statute is open for construction when the language used requires interpretation or may reasonably be considered ambiguous. *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997).

We conclude as a matter of law that the trial court erred when it relied only upon the pleadings to find that the marriage was

irretrievably broken. Pursuant to § 42-361(1), "the court, after hearing, shall make a finding whether the marriage is irretrievably broken." The statute requires that a hearing be held.

Neb. Rev. Stat. § 42-356 (Reissue 1993) requires that "[h]earings shall be held in open court upon the oral testimony of witnesses or upon the depositions of such witnesses taken as in other actions." The hearing which was conducted in the case at bar, although held in open court, does not satisfy all of the requirements of § 42-356 because no testimony or deposition evidence was received.

The basic difference between § 42-361(1) and (2) has to do with whether the trial court must consider the prospect of reconciliation. Under § 42-361(1), reconciliation is not an issue, but it is under § 42-361(2). Section 42-361(1) requires that the trial court "make a finding [as to] whether the marriage is irretrievably broken." Because § 42-356 requires that the hearing be held in open court upon the oral testimony of witnesses or upon the deposition of such witnesses, the court could not make such a finding on the pleadings alone. The trial court erred in finding that the marriage between Mary and Denton was irretrievably broken without receiving oral testimony or depositions on this issue.

## CONCLUSION

Without a hearing as required by § 42-356, the marriage should not have been dissolved, and the trial court's dissolution of the marriage must be reversed. Consequently, all determinations made by the trial court in regard to the property settlement, alimony, child support, visitation, and custody will need to be redetermined at the hearing.

Based upon our interpretation of the requirements of § 42-361, we hold that in all decrees of dissolution which are granted subsequent to this opinion, the trial court shall comply with the requirements of § 42-356 as set forth herein. Our decision shall not retroactively affect any decrees of dissolution other than that of the instant appeal which have been entered prior to the date of this opinion.

The decision of the Court of Appeals is reversed, and the cause is remanded to that court with directions to reverse the

trial court's dissolution of the marriage and remand the cause for an evidentiary hearing pursuant to § 42-356. Temporary custody of the children shall remain with Mary pending completion of the matters remanded to the trial court.

REVERSED AND REMANDED WITH DIRECTIONS.