KAY A. JANTZEN, APPELLANT, V. KAREN R. JANTZEN,
PERSONAL REPRESENTATIVE OF THE ESTATE OF ROLLIE F. JANTZEN,
DECEASED, APPELLEE.

595 N.W. 2d 230

Filed June 4, 1999.    No. S-98-530.

Laura A. Lowe and T.J. Hallinan, of Cobb & Hallinan, P.C., for appellant.

Michael A. England, of Stumpff & Guggenmos, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

This is a domestic relations case arising from the child support provisions of a divorce decree severing the marriage of Kay A. Jantzen and Rollie F. Jantzen. At issue is the proper payment of proceeds from a life insurance policy that Rollie, now deceased, was required to maintain, with his minor children named as beneficiaries, so long as he was required to make child support payments.

## BACKGROUND

Kay and Rollie were divorced by decree in 1986. As part of the divorce, the two entered into a property settlement agreement (PSA) which was approved by the trial court and incorporated into the decree. The provision of that decree relevant to this case is that "the Petitioner and Respondent shall each main-

tain their present life insurance coverage with the minor children of the parties named as beneficiaries as long as the Respondent is required to make child support payments."

The record indicates that in 1989 Rollie changed the beneficiary of his life insurance policy from his children to his then fiance Karen R. Dolph, now known as Karen R. Jantzen, the personal representative of Rollie's estate. Karen and Rollie later married.

In 1996, Rollie obtained a modification of the divorce decree due to his diagnosis of and treatment for cancer. At that time, Kay and Rollie agreed that effective September 1, 1996, his child support payments would be reduced to $50 per month so long as he remained unemployed due to his illness. At such time as Rollie became eligible for Social Security benefits for his minor children, his child support obligation was to be suspended entirely pending his resumption of gainful employment. The parties also agreed that all other terms and conditions of the original decree were to remain in effect.

Rollie died in September 1997, having paid the $50 per month until his death. In October 1997, Kay received notice that the children had become eligible for Social Security benefits as of February 1997, along with a lump-sum payment of benefits calculated from February 1, 1997.

Karen, acting as the personal representative of Rollie's estate, filed a motion for suspension of child support requesting that Rollie's child support obligation be suspended as of February 1, 1997. The trial court granted the motion. Kay then filed a motion seeking payment of the life insurance proceeds to the remaining minor children. The trial court denied the motion under the terms of the 1996 decree modification, finding that the life insurance provision of the original decree remained in effect, but that Rollie's child support obligation had ended as of February 1, 1997. The trial court found that the Social Security eligibility date, rather than the date of notice, determined the end of his obligation. Accordingly, the decree's requirement that the policy's beneficiary not be changed had been lifted at the time of Rollie's death, and the change of beneficiary from the children to Karen was effective.

Kay timely appealed.

## ASSIGNMENTS OF ERROR

Kay assigns that the trial court erred in (1) granting Karen a retroactive modification and termination of Rollie's child support obligation as of February 1, 1997, (2) enforcing a conditional judgment, (3) granting equitable relief when Karen had unclean hands, and (4) refusing to enforce the original PSA and to require the distribution of life insurance proceeds to the minor children of Kay and Rollie.

## STANDARD OF REVIEW

On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Deuth v. Ratigan,* 256 Neb. 419, 590 N.W.2d 366 (1999); *Brunges v. Brunges,* 255 Neb. 837, 587 N.W.2d 554 (1998).

## ANALYSIS

We held in *Metropolitan Life Ins. Co. v. Beaty,* 242 Neb. 169, 175, 493 N.W.2d 627, 631 (1993), that "[w]here . . . a property settlement agreement validly provides for the disposition of life insurance benefits, the subsequent execution of a change of beneficiary form absent consent of the other party to the agreement is ineffective." Thus, the issue in this case is whether and to what extent the proceeds of the life insurance policy were subject to the provisions of Kay and Rollie's divorce decree and PSA at the time of Rollie's death.

Much is made by the parties over the effect of the modification order regarding Social Security benefits and the delayed notification that such benefits had accrued. We find that the provisions of the decree were binding upon the policy benefits at the time of Rollie's death. The PSA, approved and ordered by the trial court in Kay and Rollie's divorce decree, states that "the Petitioner and Respondent shall each maintain their present life insurance coverage with the minor children of the parties named as beneficiaries as long as the Respondent is required to make child support payments."

The modification order reduced Rollie's child support payments to $50 per month pending his recovery from cancer, and further stated that "[a]t such time as the Petitioner shall begin receiving Social Security benefits for the benefit of the minor

children, the Respondent's child support obligation shall be *suspended* until his cancer treatment and convalescence is concluded and he shall return to gainful employment." (Emphasis supplied.)

■ Rollie was clearly still obligated to make child support payments as of the time of his death regardless of when the Social Security benefits started. There is a distinction between termination of child support obligation and suspension of child support obligation. This distinction has been recognized both by this court in *Biesecker v. Biesecker*, 190 Neb. 808, 212 N.W.2d 576 (1973) (power of court to reduce, suspend, *or* terminate its order for child support payments), and by the Legislature in Neb. Rev. Stat. § 43-512.03(4) (Reissue 1998) (State shall be real party in interest in action brought by county attorney for purpose of securing, modifying, suspending, or terminating child support).

Because Rollie's child support obligation was merely suspended, he was still required to make child support payments as of the time of his death. Therefore, under the PSA, Rollie was required to maintain his life insurance policy for the benefit of his minor children at all times preceding his death, regardless of when Social Security benefits accrued to the children. The life insurance provision of the PSA was clearly intended to secure the children's well-being in the event of the death of either parent. The purpose of such a provision would be defeated if it were rendered meaningless by the very circumstances against which it was designed to protect.

The divorce decree also stated that Rollie was to maintain his "present" life insurance coverage for the minor children. Rollie's coverage, obtained through his employer, was determined by multiplying his hourly wage by 2,080. Rollie's wage at the time of the decree was $15.14 per hour, and therefore his "present" coverage at that time was 2,080 × $15.14 = $31,491.20. At the time of his death, his rate of pay was $19.95 per hour, and his coverage was $41,496.

Rollie was entitled to name whomever he chose as the beneficiary of any additional coverage he acquired after the date of the decree. In this case, that additional coverage is the difference between $41,496 and $31,491.20, or $10,004.80. Kay's counsel

conceded at oral argument that Kay was not seeking the payment of that portion of the policy benefits above and beyond that amount disposed of in the divorce decree, and we find the change of beneficiary to Karen effective as regards this additional amount.

## CONCLUSION

We hereby vacate the order of the trial court denying payment of Rollie's life insurance benefits to his children as per the divorce decree. The children are entitled to the policy benefits in the amount that the policy provided for at the date of the decree, or $31,491.20. The amount accruing since the date of the decree, $10,004.80, is to be paid to Karen as named beneficiary of the policy.

ORDER VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.