Kevin Francis Kibler, appellee, v. Cheryl Ann Kibler,
now known as Cheryl Ann McMullan, appellant.
___ N.W.2d ___

Filed April 24, 2014.    No. S-13-572.

1. **Motions to Vacate: Time.** A court has inherent power to vacate or modify its own judgments at any time during the term at which those judgments are pronounced, and such power exists entirely independent of any statute.
2. **Motions to Vacate: Time: Appeal and Error.** The decision to vacate an order any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion.
3. **Judgments: Words and Phrases.** An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
4. **Court Rules: Waiver.** In appropriate circumstances where no injustice would result, the district court may exercise its inherent power to waive its own rules.

Appeal from the District Court for Sarpy County: Max Kelch, Judge. Affirmed.

Karen S. Nelson, of Schirber & Wagner, L.L.P., for appellant.

Joni Visek for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Heavican, C.J.

## INTRODUCTION

Kevin Francis Kibler filed a pro se complaint seeking a divorce from Cheryl Ann Kibler, now known as Cheryl Ann McMullan. After filing the complaint, Kevin retained counsel. A trial date was set, but before that date, the parties negotiated a settlement and Cheryl's attorney drafted a decree. When Cheryl refused to sign the decree, Kevin filed a motion to compel. At the hearing on the motion to compel, the court signed and entered a copy of the drafted decree. Cheryl filed a motion to vacate, which was denied. Cheryl appeals the denial of her motion to vacate. We affirm.

## BACKGROUND

Kevin and Cheryl were married in 1984. They had no children. On March 19, 2012, Kevin filed a pro se complaint seeking a divorce from Cheryl. The complaint included the statement that the marriage was irretrievably broken. Cheryl filed an answer on June 1, which admitted most of the allegations in the complaint, including that the marriage was irretrievably broken. Trial was set for December 7. The trial date was canceled after counsel advised the court that the parties had reached a settlement.

On January 27, 2013, Kevin filed a motion to compel, stating that the parties' agreement was memorialized by Cheryl in a decree of dissolution attached to the motion as an exhibit and that Cheryl now refused to sign and submit the draft decree. The motion requested that the court enter the decree and award attorney fees. The court held a hearing on the motion to compel on February 11, 2013.

At the hearing, Kevin's attorney appeared but Kevin did not. Cheryl and her attorney were both present. Both parties stated that Kevin signed the decree on January 18, 2013. Arrangements had been made for Cheryl to move her personal property from the house on January 19. Cheryl canceled the scheduled move, apparently because the movers arrived early. Cheryl did not want to sign the decree until after receiving her property. Cheryl's attorney also noted that the decree stated Cheryl would be allowed in the house to see if there was any additional property that belonged to her and that Cheryl had not yet been allowed in the house. The court granted that portion of the motion asking that the decree be entered, signing a copy of the decree which had not been signed by either party. Neither party appealed.

On May 13, 2013, Cheryl filed a motion to vacate, arguing that without a written stipulation between the parties or a stipulation on the record as to what the settlement agreement was, the court was without authority to enter a decree of dissolution of marriage. On May 28, Cheryl filed an amended motion to vacate which added that under Neb. Rev. Stat. § 42-361 (Cum. Supp. 2012), there needs to be a judicial finding or a stipulation between the parties that the marriage is irretrievably

broken and that every reasonable effort to effect a reconciliation has been made. After a hearing, the district court overruled the motion to vacate. Cheryl appeals.

## ASSIGNMENTS OF ERROR

Cheryl assigns the following errors of the district court: (1) overruling the motion to vacate when the requirements of § 42-361 were not met and (2) failing to vacate the decree of dissolution of marriage, because neither party had signed the decree, there was not a record of the agreement made in open court, and both the local rules and the statute of frauds prohibit the entry of the decree.

## STANDARD OF REVIEW

[1] In Cheryl's brief, she asserts that her motion to vacate was sought as both an equitable remedy and a cure for "'mistake, neglect, [or] omission of the clerk, or irregularity in obtaining a judgment or order'" under Neb. Rev. Stat. § 25-2001(4) (Reissue 2008).[1] However, under Rules of Dist. Ct. of Second Jud. Dist. 2-1 (rev. 1995), Cheryl's May 13, 2013, motion to vacate was filed within the same term as the February 11 decree. Thus, § 25-2001 is not applicable. "[A] court has inherent power to vacate or modify its own judgments at any time during the term at which those judgments are pronounced, and such power exists entirely independent of any statute."[2]

[2,3] The decision to vacate an order any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion.[3] An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[4]

---

[1] Brief for appellant at 11.

[2] *Moackler v. Finley*, 207 Neb. 353, 357, 299 N.W.2d 166, 168 (1980).

[3] *Hartman v. Hartman*, 265 Neb. 515, 657 N.W.2d 646 (2003).

[4] *Id.*

## ANALYSIS

*Findings Under § 42-361.*

In her first assignment of error, Cheryl alleges that the district court abused its discretion in overruling her amended motion to vacate, because neither party signed the decree, contrary to § 42-361, and the necessary findings under § 42-361 were not made.

Section 42-361 states:

> (1) If both of the parties state under oath or affirmation that the marriage is irretrievably broken, or one of the parties so states and the other does not deny it, the court, after hearing, shall make a finding whether the marriage is irretrievably broken.

> (2) If one of the parties has denied under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors, including the circumstances that gave rise to the filing of the complaint and the prospect of reconciliation, and shall make a finding whether the marriage is irretrievably broken.

> (3) Sixty days or more after perfection of service of process, the court may enter a decree of dissolution without a hearing if:

> (a) Both parties waive the requirement of the hearing and the court has sufficient basis to make a finding that it has subject matter jurisdiction over the dissolution action and personal jurisdiction over both parties; and

> (b) Both parties have certified in writing that the marriage is irretrievably broken, both parties have certified that they have made every reasonable effort to effect reconciliation, all documents required by the court and by statute have been filed, and the parties have entered into a written agreement, signed by both parties under oath, resolving all issues presented by the pleadings in their dissolution action.

Although the decree was not signed by Cheryl, it was drafted by Cheryl's attorney. At the motion to compel hearing, neither Cheryl nor her attorney indicated that Cheryl had changed her mind about or disagreed with the settlement for

any reason. Instead, Cheryl told the court she would sign the agreement as soon as she received her property from Kevin's house. Kevin and Cheryl both admitted in their pleadings that the marriage was irretrievably broken. We have held that pleadings alone are not sufficient for the court to make a finding that a marriage is irretrievably broken[5]; however, under the circumstances of this case, the district court was not relying on the pleadings alone. Additionally, Cheryl was notified of the court's entry of judgment and could have appealed the decree, but did not. The divorce has since become final, and the interests of justice do not support vacating the decree.

The trial court's decision was not based upon reasons that are untenable or unreasonable, and its action was not clearly against justice or conscience, reason, and evidence. Thus, we hold that the district court did not abuse its discretion in overruling Cheryl's motion to vacate the judgment.

*Local Rules and Statute of Frauds.*

In her second assignment of error, Cheryl alleges that the district court abused its discretion in not vacating the decree, because its entry violated Rules of Dist. Ct. of Second Jud. Dist. 2-3 (rev. 1995) and the statute of frauds, codified at Neb. Rev. Stat. § 36-105 (Reissue 2008), and because the decree was not signed by the parties and the oral agreement was not made in open court.

Local rule 2-3 states:

> All stipulations not made in open court or in chambers and recorded by the reporter and all agreements of counsel or parties to a suit, must be reduced to writing and signed by the parties making the same and filed with the clerk, or they will not be recognized or considered by the court.

[4] We have recognized that "[i]n appropriate circumstances where no injustice would result, the district court may exercise

---

[5] *Brunges v. Brunges*, 255 Neb. 837, 587 N.W.2d 554 (1998). See, also, *Wilson v. Wilson*, 238 Neb. 219, 469 N.W.2d 750 (1991).

its inherent power to waive its own rules."[6] In this case, the agreement between the parties was the subject of a motion to compel and Cheryl objected neither to the terms of the agreement nor to the court's consideration of it under this rule. We conclude that local rule 2-3 was waived by the trial court in this case and that no injustice resulted.

Section 36-105 states: "Every contract for the leasing for a longer period than one year, or for the sale of any lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made." Cheryl alleges that the statute of frauds applies to the agreement because it transferred property.

Cheryl did not raise the issue of the statute of frauds at the hearing on the motion to compel, and she did not raise it in her motion to vacate. The question before us now is not whether the parties' agreement was enforceable, but, rather, whether the district court abused its discretion in overruling the motion to vacate. As we have concluded above, under the circumstances of this case, the district court did not abuse its discretion in overruling the motion to vacate.

## CONCLUSION

For the foregoing reasons, the decision of the district court is affirmed.

AFFIRMED.

---

[6] *Heese Produce Co. v. Lueders*, 233 Neb. 12, 22, 443 N.W.2d 278, 284 (1989). See, also, *Woodmen of the World Life Ins. Soc. V. Kight*, 246 Neb. 619, 522 N.W.2d 155 (1994).